PEOPLE *v.* HENDERSON.

1. JURY—CRIMINAL LAW—STATUTES—WAIVER OF JURY TRIAL.
    Act No. 175, Pub. Acts 1927, chap. 3, § 3, providing that in all
    criminal cases arising in the courts of this State, the defend
    ant may elect to waive trial by jury, is valid, and not in
    violation of section 13, Art. 2, State Constitution, providing
    that the right of trial by jury shall remain.

2. CRIMINAL LAW—RAPE—WAIVER OF JURY TRIAL.
    In a prosecution for rape, the trial court did not err in accepting
    defendant's waiver of jury trial, as authorized by the criminal
    code (Act No. 175, Pub. Acts 1927, chap. 3, § 3).

Error to the recorder's court of Detroit; Jeffries
(Edward J.), J. Submitted January 18, 1929.
(Docket No. 156, Calendar No. 34,079.) Decided
March 29, 1929.

Andrew Henderson was convicted of rape. Affirmed.

*Frank C. Moriarty,* for appellant.

*Wilber M. Brucker,* Attorney General, *Harold J.
Waples,* Assistant Attorney General, *James E.
Chenot,* Prosecuting Attorney, *P. J. M. Hally, Jr.,*
Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendant was convicted of rape in a
trial before the court without a jury, trial by jury
having been waived pursuant to section 3, chap 3,
Act No. 175, Pub. Acts 1927, the Code of Criminal
Procedure:

On right to waive trial by jury in criminal cases; and effect of
waiver upon jurisdiction of court to proceed without a jury, see
annotation in 48 A. L. R. 767.

"Sec. 3. In all criminal cases arising in the courts of this State whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. It shall be entitled in the court and cause and in substance as follows: 'I, ................., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which said cause may be pending. I fully understand that under the laws of this State I have a constitutional right to a trial by jury.'

........................

Signature of defendant."

Defendant's assignments of error present one meritorious question, whether under the Constitution the defendant may waive in such case trial by jury.

Section 13, art. 2, State Constitution, provides:

"The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases unless demanded by one of the parties in such manner as shall be prescribed by law."

This section merely declares that the right of trial by jury shall remain. The statute takes nothing from the right. It remains. Passed to expedite trials, the statute gives the accused the additional right to be tried without a jury if he so elects. A statute is necessary to waiver of the right of trial by jury in a criminal case because at common law trial by jury prevailed exclusively. We quote note from 21 Harvard Law Rev. 212:

"But most of the State constitutions merely declare that the right of trial by jury shall remain inviolate, or that the accused shall enjoy the right to a trial by jury, and under such provisions the courts have almost universally upheld statutes permitting waiver, even in cases of felony. In the absence of such statutes, however, the law of criminal procedure must be derived from the common law, and since at common law trial by jury prevailed exclusively, trial by the court is unauthorized and invalid."

It has always been the law of this State that trial by jury in a criminal case may be waived by the accused where the statute so provides. 3 Comp. Laws 1915, § 15774 (see section 6, chap. 14, said Act 175), relating to criminal proceedings before justices of the peace, provides:

"If the plea of the accused be not guilty, and no jury be demanded by him, the said court shall proceed to try such issue, and to determine the same according to the evidence which may be produced against and in behalf of such accused."

This section, appearing in chapter 94 of the Revised Statutes of 1846, persisted unchanged until by the Code the words "and no jury be demanded by him" were changed to "and he waive trial by jury." It was held in *People* v. *Steele,* 94 Mich. 437, that such statute gave the accused the substantial right to be tried by the court without a jury and that the court cannot deprive him of it. This was followed in *People* v. *Jones,* 220 Mich. 633. See *People* v. *Lane,* 124 Mich. 271; *People* v. *Weeks,* 99 Mich. 86; *Ward* v. *People,* 30 Mich. 116. Prior to 1927 this was our only statute authorizing waiver of trial by jury in a criminal case, and it applied only to trials before a justice of the peace. But it cannot be

doubted that the principle is the same in all criminal cases. If the legislature may under the Constitution provide for waiver of trial by jury in criminal cases before a justice of the peace, it may also provide for such waiver in trials in cases within the jurisdiction of other courts. It is well said in 25 Mich. Law Rev. 707:

"The general principle underlying the power to waive the jury ought to be the same in all cases. As the Pennsylvania court remarked (*Commonwealth* v. *Beard,* 48 Super. Ct. [Pa.] 319), 'It surely cannot be true that the public is interested in the protection of the accused in proportion to the magnitude of his offending—that its solicitude goes out to the great offender but not to the small—that there is a difference in point of sacredness between constitutional rights when asserted by one charged with a grave crime and when asserted by one charged with a lesser one.' "

In a note in 48 A. L. R. 767, it is said:

"It is a general rule that, in the absence of statutory authority, one who is charged with commission of a felony cannot, on pleading not guilty, waive his right to trial by jury,    *    *    *"—citing *People* v. *Warren,* 122 Mich. 504 (80 Am. St. Rep. 582), and cases from many other State and Federal courts.

We quote further from the same:

"There are numerous decisions by State courts, upholding the constitutionality of positive legislative enactments to the effect that one charged with crime has the right to waive trial by jury and elect to be tried by the court. These decisions also sustain the validity of such proceedings"—citing *Hallinger* v. *Davis,* 146 U. S. 314 (13 Sup. Ct. 105), and the following Michigan cases: *People* v. *Jones, supra; People* v. *Steele, supra; Ward* v. *People,*

*supra;* and *People* v. *Smith,* 9 Mich. 193; and decisions from many other States.

In *People* v. *Smith, supra,* it was held that defendant could not waive trial by jury in recorder's court of Detroit for the reason that the proceedings were governed by laws applicable to circuit courts (not justice courts), and the court said:

"We must, therefore, conclude that, until the legislature go further and provide some machinery for the trial and review of criminal causes in courts of record without a jury, the clause of the charter referred to must remain inoperative to change the general law. We are of opinion that the recorder had no power to try the case without a jury."

See *People* v. *Jackson,* 8 Mich. 110.

The absence of a statute authorizing waiver of trial by jury in criminal cases other than those triable before a justice of the peace should be noted in considering other decisions of this court.

Defendant relies on *People* v. *Warren, supra.* The question in that case was the court's invading by peremptory instruction the province of the jury. In the course of the opinion it was remarked:

"It has been held that this is a right which cannot be waived, and that a trial by the judge, even by the consent of the prisoner, is erroneous. *State* v. *Maine,* 27 Conn. 281. Article 6, § 28, of the Constitution of this State, also guarantees to the accused the right to a speedy and public trial by jury. This is a right which cannot be waived except by a plea of guilty."

The Connecticut case cited was decided on the ground that no statute conferred on the court the right to try a criminal case without a jury. In a later case from that State, *State* v. *Worden,* 46 Conn. 349, it was held, quoting syllabus:

"The act of 1874 provided that in all prosecutions the party accused, if he should so elect, might be tried to the court instead of by the jury; and that in such cases the court should have full power to try the case and to render judgment. Held not to conflict with the provisions of the State constitution that every person accused 'shall have a speedy public trial by an impartial jury,' and that 'the right of trial by jury shall remain inviolate.' "

The remaining remark in the *Warren Case* as applied to that case, that trial by jury cannot be waived except by plea of guilty, was a correct statement of the law of the time, as no statute authorized it, and the same is true of like remarks in some other cases. We notice other cases as defendant relies on them.

In *Hill* v. *People,* 16 Mich. 351, the people did not tender to defendant a lawful jury upon the trial, and that was the question for decision. And the same is true of *Swart* v. *Kimball,* 43 Mich. 443; and of *People* v. *Luby,* 56 Mich. 551. In *People* v. *Duffek,* 163 Mich. 196, and *Underwood* v. *People,* 32 Mich. 1, the question before us was not involved. Contention or remark that waiver of trial by jury in criminal cases is not permissible under the Constitution is wholly at variance with the consistent holdings of this court that trial by jury may be waived when authorized by statute.

In the case of *People, ex rel. Battista,* v. *Christian,* 249 N. Y. 314 (164 N. E. 111), also relied on, the question is thus stated (quoting from the opinion):

"The constitution of this State, by article 1, section 6, provides: 'No person shall be held to answer for a capital or otherwise infamous crime * * * unless on presentment or indictment of a grand jury.' Relator was charged with burglary, which is

an infamous crime. He was held to answer for it, but not on any presentment or indictment of a grand jury. While awaiting action by that body, he petitioned the court for a direction that an information be filed against him, and his petition was granted. Then he pleaded guilty and was sentenced to confinement in the reformatory at Elmira. This procedure conforms with the provisions of section 222 of the Code of Criminal Procedure.''

The decision of the question, it will appear, is not in point.

See 36 Yale Law Journal, 710; 3 Wisconsin Law Rev. 316.

We are indebted to counsel and to the attorney general for excellent briefs.

The statute first above quoted is valid, and because of it the court did not err in accepting defendant's waiver of jury trial.

Judgment affirmed.

FEAD, FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred. NORTH, C. J., and POTTER, J., did not sit.