PEOPLE v SLAPPY

1. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO JURY TRIAL—
   WAIVER.

   The personal and constitutionally guaranteed right to trial by
   jury cannot be waived by defense counsel and cannot be pre-
   sumed to have been waived from a silent record.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—RIGHT TO JURY TRIAL—
   WAIVER.

   A defendant effectively, voluntarily, knowingly, and intelligently
   waived his right to a jury trial where he executed a written
   waiver completely conforming with the statute which codifies
   the constitutional procedure for executing a valid waiver of the
   right to trial by jury, and he orally acknowledged at the time of
   trial that he wished to be tried by the court, after three
   consultations with his attorney and after a great deal of
   thought (MCLA 763.3).

3. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—STATUTES—STATU-
   TORY REQUIREMENTS—COMPLIANCE WITH STATUTE.

   A trial court properly determined that a defendant was compe-
   tent to stand trial where a competency hearing before trial to
   satisfy the statutory requirements was called, all parties were
   present, a psychiatric report which recommended that the
   defendant be adjudged competent to stand trial was read into
   the record on the day of trial, and such report was accepted by
   defendant, specifically through defense counsel, at which time
   they proceeded to the trial on the merits (MCLA 767.27A[4]).

Appeal from Recorder's Court of Detroit, James
A. Hathaway, J. Submitted Division 1 December 2,
1974, at Detroit. (Docket No. 19783.) Decided
March 12, 1975.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Jury §§ 72–80.
[3] 41 Am Jur 2d, Incompetent Persons § 150.

Howard Slappy was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Steven Rabinovitz,* Assistant Prosecuting Attorney, for the people.

*George C. Dovas,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and PETERSON,* JJ.

V. J. BRENNAN, J. Defendant was tried before a judge sitting without a jury and convicted of manslaughter (MCLA 750.321; MSA 28.553). He was sentenced to from 2 to 15 years in prison and now appeals as of right. Defendant contends that he never properly waived the right to a jury trial and that the court erroneously failed to determine whether he was competent to stand trial.

The personal and constitutionally guaranteed[1] right to trial by jury cannot be waived by defense counsel and cannot, from a silent record, be presumed to have been waived, *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969). The record in the present case is far from silent. A written waiver of the right to a jury trial was executed which completely conformed with MCLA 763.3; MSA 28.856. The statute constitutionally and properly codifies the procedure for executing a valid waiver of the right to trial by jury. *People v Henderson,* 246 Mich 481; 224 NW 628 (1929),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] US Const, Am VI; Const 1963, art 1, § 20.

*People v Rawls,* 6 Mich App 586; 149 NW2d 883 (1967).

Furthermore, at the time of trial, defendant orally acknowledged that he wished to be tried by the court, a decision he affirmed having reached after thrice consulting with his attorney and after having given the matter a great deal of thought. We hold that defendant effectively, voluntarily, knowingly, and intelligently waived his right to a jury trial. Defendant affixed to his brief on appeal a letter, clear and well-written, in which he stated the reasons why he waived his right to a jury trial. In his letter defendant stated he "was not pressured or forced into getting (sic) up my right to a jury".

As to the question of competency, the trial court did satisfy the requirements of MCLA 767.27A(4); MSA 28.966(11)(4) by holding a competency hearing before trial. On the date of .the trial the following occurred in open court with the prosecutor, defense counsel and defendant present:

"*The Clerk:* 72-00094, People versus Howard Slappy.

"*Mr. Lacey:* People are ready.

"*Mr. Monash:* Defense is ready, your Honor.

"*The Court:* Mr. Monash and Mr. Lacey, before we proceed in this matter, I would like to clarify one point. On October 19th the Court received a Forensic Report, and I believe, Mr. Monash, that at that time and on that date you accepted the findings, and we were to proceed for trial?

"*Mr. Monash:* Yes.

"*The Court:* But I again, I would like to repeat, that the Center for Forensic Psychiatry wrote to me on August 21, 1973, and in this letter it states as follows:

" 'Howard Slappy, CFP No. 92865,' and our docket number.

"The body of the letter is:

" 'Dear Judge Hathaway: Pursuant to your order,

mental competency evaluation has been performed on the above-named defendant.

" 'Within the bounds of reasonable clinical certainty, the defendant is felt to be competent to stand trial.

" 'There is no indication of any mental illness that would interfere with the defendant's ability to recognize the nature and object of the proceedings and his position in relation thereto, or to advise counsel in his defense.

" 'It is therefore recommended that the defendant be adjudicated competent to stand trial.

" 'Should testimony be required at a hearing on the defendant's competency, please contact the Forensic Services Office at (313) 429-2531 to make arrangements. A subpoena is required.

" 'If any further information is desired, please contact the undersigned.

" 'Respectfully submitted, Ames Robey, M.D. Director.'

"I guess, Mr. Monash, as counsel for the defendant, you accepted findings of the Center for Forensic Psychiatry?

"*Mr. Monash:* We do, your Honor.

"*The Court:* Do you need any additional hearings on this matter?

"*Mr. Monash:* No, we have waived.

"*The Court:* You waive any right to a hearing, a further hearing, at which the examining party would be present, or Doctor Robey would be present?

"*Mr. Monash:* Yes, your Honor.

"*The Court:* Do you accept the report and waive any and all further medical testimony? Is that correct?

"*Mr. Monash:* Correct.

"*The Court:* On behalf of the Prosecutor, Mr. Lacey, do you have any statement?

"*Mr. Lacey:* No, I have nothing, your Honor.

"*The Court:* All right."

The court at this point determined that the defendant was competent to stand trial as he and the defendant accepted the Center for Forensic

Psychiatry's report. Judge Hathaway, after reading the report on the record, asked if there were any objections to the report. None were stated. He also inquired as to whether there was a need for any additional testimony and the defense indicated there was not. The court further went on to say that if the defendant or his counsel had any questions concerning the content of the report then the court would call in Doctor Robey, who signed it, and any other witnesses they cared to have. Finally, the defendant, specifically through counsel, indicated that he accepted the findings of the center's report at which time they proceeded to the trial on the merits.

The report clearly indicated that the defendant was competent to stand trial and, we might point out, that nowhere on this appeal or in the record of the case does this defendant claim he was not, in fact, competent to stand trial. Nor is there any evidence indicating the possibility that he might not have been competent.

The trial court clearly followed the mandates of the statute.

Conviction affirmed.