PEOPLE v RIMMER

1. CRIMINAL LAW—JURY—WAIVER OF JURY TRIAL—STATUTES.

Waiver of a jury trial and election to be tried before the court without a jury, except in cases cognizable by a justice of the peace, must be in writing signed by the defendant and filed in his cause and made a part of the record; the waiver must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel (MCLA 763.3).

2. JURY—CRIMINAL LAW—APPEAL AND ERROR—NONJURY TRIAL—FAILURE TO OBJECT—WAIVER.

Failure to object to a nonjury trial does not preclude appellate review of an alleged denial of the right to trial by jury.

3. JURY—CRIMINAL LAW—STATUTES—WAIVER OF JURY TRIAL—DEROGATION OF COMMON LAW— STRICT CONSTRUCTION.

The statute providing for waiver of a jury trial is in derogation of the common law and must be strictly construed; no effective waiver may result except through strict compliance with the mandates of the statute (MCLA 763.3).

4. JURY—CRIMINAL LAW—WAIVER OF JURY TRIAL—STATUTES—WAIVER IN OPEN COURT.

Execution of a written waiver of the right to a jury trial does not effectively waive the right to a jury trial where there is no evidence that the defendant waived this right in open court as required by statute (MCLA 763.3).

Appeal from Oakland, James S. Thorburn, J. Submitted Division 3 February 10, 1975, at Lansing. (Docket No. 20522.) Decided March 13, 1975.

Kenneth K. Rimmer was convicted of breaking and entering an occupied dwelling with intent to

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 47 Am Jur 2d, Jury §§ 81–89.
[2] 47 Am Jur 2d, Jury § 64.

commit larceny. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Sauer, Girard & Sterling* (by *Robert E. Stout),* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. On February 15, 1974, defendant Kenneth K. Rimmer was tried without a jury and found guilty of breaking and entering an occupied dwelling with intent to commit larceny. MCLA 750.110; MSA 28.305. On March 7, 1974, defendant was sentenced to serve 6 to 15 years in prison.

On appeal defendant asserts that since he did not waive his right to jury trial as required by statute, the ordering of a new trial is mandated.[1]

MCLA 763.3; MSA 28.856 provides that a defendant has the right to waive a jury trial and may elect to "be tried before the court without a jury". The statute also provides that:

> "Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. * * * *Such waiver of trial by jury must be made in open court* after the said defendant has been arraigned and has

---

[1] Also appearing on the February Case Call for this panel is a related case, *People v Polhamus,* Docket No. 19764, [59 Mich App 609; 230 NW2d 171 (1975)] where the defendant orally waived his right to jury trial in open court, but no written waiver of jury trial was contained in the record. Due to the similarity of issues, we shall issue these opinions on the same date.

had opportunity to consult with counsel." (Emphasis added.)

While the record does contain a written waiver executed by defendant on November 9, 1973,[2] nowhere in the record does any transcript of an oral waiver before or at trial appear.

The fact that defendant did not object to the nonjury trial, while indicating assent to the jury waiver, does not preclude appellate review. *People v Edwards,* 51 Mich App 403, 405; 214 NW2d 909 (1974).

In *People v Brown,* 57 Mich App 568; 226 NW2d 563 (1975), our Court dealt with a case in which the defendant had orally waived a jury trial but had not executed a written waiver as required by the statute. In reversing the defendant's conviction and remanding the cause for a new trial the Court, in discussing MCLA 763.3; MSA 28.856, said:

"The statute in question being in derogation of the common law must be strictly construed. Since the right to waive trial by jury arises only by statute, it follows that no effective waiver may result except through strict compliance with the mandates contained therein. No waiver in writing having been signed by the defendant or filed in such cause and made a part of the record thereof, the statute was not complied with and therefore the defendant did not effectively waive his right of trial by jury."

Applying *Brown, supra,* to the case at bar, we are compelled to reverse defendant's conviction and remand for a new trial. As *Brown, supra,* noted, the statute must be strictly followed. Since there is no evidence that defendant waived his

---

[2] This waiver was executed more than three months prior to defendant's trial.

right to trial by jury in open court, we are constrained to hold that the statute was not complied with and that the defendant, therefore, did not effectively waive his right of trial by jury.

Defendant has advanced other claims of error relating to whether the evidence was sufficient to support the trial court's finding of guilt beyond a reasonable doubt and whether the trial court failed to make findings of fact in compliance with GCR 1963, 517.1. We have examined these claims and found them lacking in substance. Decisional discussion is, therefore, unnecessary.

Reversed and remanded for a new trial.