## PEOPLE v POLHAMUS

1. CRIMINAL LAW—RIGHT TO JURY TRIAL—WAIVER—COURTS—JUSTICE OF THE PEACE—WRITTEN WAIVERS.

A criminal defendant has the right to waive a jury trial and be tried before the court without a jury, and except in cases cognizable by a justice of the peace such waiver and election by a defendant shall be in writing, signed by the defendant and filed in such cause and made a part of the record thereof (MCLA 763.3).

2. ROBBERY—ARMED ROBBERY—JUSTICE OF THE PEACE—COGNIZABLE OFFENSES—STATUTES.

Armed robbery, a felony punishable by imprisonment in the state prison for life or for any term of years, is not an offense which was cognizable by a justice of the peace (MCLA 750.529, 774.1).

3. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL—WAIVER—STATUTES.

No effective waiver of a jury in a criminal trial may result except through strict compliance with the mandates contained within the statute; a statute in derogation of the common law must be strictly construed (MCLA 763.3).

4. CRIMINAL LAW—JURY—APPEAL AND ERROR—WAIVER—OBJECTIONS —FAILURE TO OBJECT—CONSTITUTIONAL LAW.

A defendant's failure in a criminal trial to object to a nonjury trial does not preclude appellate review.

REFERENCES FOR POINTS IN HEADNOTES

[1-6] 21 Am Jur 2d, Criminal Law § 218.

47 Am Jur 2d, Jury §§ 51, 52, 81–89.

Withdrawal or disregard of waiver of jury trial in civil action. 64 ALR2d 506.

Validity and effect of contractual waiver of trial by jury. 73 ALR2d 1332.

[4] 47 Am Jur 2d, Jury § 56.

[7] 21 Am Jur 2d, Criminal Law §§ 368, 369.

[8] 21 Am Jur 2d, Criminal Law § 368.

29 Am Jur 2d, Evidence § 371 *et seq.*

Admissibility of evidence of lineup identification as affected by allegedly suggestive lineup procedures. 39 ALR3d 487.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL—
   FUNDAMENTAL RIGHTS—STATUTES—CONSTRUCTION OF STATUTES
   —HARMLESS ERROR.

   The right to a jury trial is a fundamental right which may not be
   whittled away by the Legislature or by a too liberal construc-
   tion of statute law by the courts and the harmless error rule
   should not be applied to a situation in which there is neither a
   written nor oral waiver of a jury trial by a defendant (MCLA
   763.3).

6. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL—
   WAIVER—ORAL WAIVER—STATUTES.

   An oral waiver of a jury trial by a defendant charged with armed
   robbery does not comply with the requirements of the statute
   that the waiver shall be in writing and signed by the defend-
   ant, and is therefore ineffective (MCLA 763.3).

7. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—PHO-
   TOGRAPHIC DISPLAYS—CUSTODY—WARRANTS.

   A defendant who was not in custody and against whom neither a
   complaint nor warrant had been issued was not entitled to
   counsel at a photographic display.

8. WITNESSES—CRIMINAL LAW—IDENTIFICATION—IN-COURT IDENTIFICA-
   TION—BASIS OF IDENTIFICATION—SUFFICIENT INDEPENDENT BASIS
   —PHOTOGRAPHIC DISPLAY—LINEUPS.

   A witness's in-court identification testimony had a sufficient
   independent basis and was untainted by an allegedly erroneous
   pretrial photographic display and lineup, and therefore no
   reversible error occurred, where the witness, a cleaner's coun-
   ter clerk, testified that she was confronted by defendant for
   about three minutes during the course of the robbery, the
   lights of the shop were on and she had ample opportunity to
   observe the defendant, subsequent to the date of the offense she
   saw defendant three times as he walked by the cleaner's shop
   and looked into the window, she saw defendant at the prelimi-
   nary examination, and she said at trial that her identification
   was based upon the robbery incident and not from the photo-
   graphic display.

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted Division 2 February 11, 1975, at Lansing.
(Docket No. 19764.) Decided March 13, 1975.

Ronald J. Polhamus was convicted of armed

robbery. Defendant appeals. Reversed and remanded. Leave to appeal denied, 394 Mich 819.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*William E. Collette,* for defendant on appeal.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

ALLEN, P. J. At the conclusion of the December 5–6, 1973, nonjury trial, the trial court found defendant guilty of armed robbery. MCLA 750.529; MSA 28.797. On December 21, 1973, defendant was sentenced to 2-1/2 to 10 years in prison, with the appropriate credit for time served. That sentence was to run concurrently with the 3 to 10-year sentence previously imposed in the Clinton County Circuit Court. In the appeal before us, the principal claim of error is the omission from the file of a written waiver of jury trial as prescribed by MCLA 763.3; MSA 28.856.[1]

Subsequent to a mistrial which had been declared in May of 1973, when a prospective juror stood up and recited his recollection of the events in front of the other prospective jurors, the trial was set for June 12, 1973. At that time, defendant and defense counsel appeared before the trial court, and defendant orally waived his right to a jury trial. US Const, Am VI, Const 1963, art 1, §§ 14, 20. The trial court asked defendant whether

---

[1] Also appearing on the February case call for this panel is a related case, *People v Rimmer,* 59 Mich App 645, 230 NW2d 170 (1975), where the file contained a written waiver of jury trial but disclosed no oral waiver in open court. Because of the similarity of issues it is the intent of the panel to issue the opinions on the same date.

he understood his right to a jury trial and personally asked defendant whether he wanted to waive his right to jury trial. Defendant replied in the affirmative, and the trial court granted the motion to waive the jury trial. On appeal, defendant argues that his waiver was ineffective and failed to comply with the requirements of MCLA 763.3; MSA 28.856.

The above statute provides that defendant has the right to waive a jury trial, and may choose to "be tried before the court without a jury". The statute further provides:

"Except in cases cognizable by a justice of the peace such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof."

Our Court has recently noted that a written waiver of jury trial was not required in a "DUIL" case on the grounds that that offense is one "cognizable by a justice of the peace". MCLA 257.625; MSA 9.2325 and MCLA 257.625(c); MSA 9.2325(c)[2] *People v Masonis,* 58 Mich App 615; 228 NW2d 489 (1975). *Masonis* went on to hold that in an offense which results in the typical "90-day or $100 fine" penalty, a defendant may waive his right to a jury trial where he proceeds to trial without objecting to the absence of a jury and without any expression of a desire to have a jury trial. In the course of its opinion, *Masonis* referred to *People v Redman,* 250 Mich 334; 230 NW 196 (1930), which involved a defendant charged with DUIL and a finding that defendant's oral waiver of jury trial did not constitute error.

In his brief, the prosecutor refers to the deci-

___

[2] Driving a motor vehicle while under the influence of an intoxicating liquor.

sions of *Attorney General v Montgomery,* 275 Mich 504; 267 NW 550 (1936), and *People v Rabin,* 317 Mich 654; 27 NW2d 126 (1947), *cert den,* 332 US 759; 68 S Ct 60; 92 L Ed 345 (1947), and their holdings that an oral waiver to a trial by 11 or 10 rather than 12 jurors was sufficient and did not violate defendant's statutory or constitutional rights.

We note that *Montgomery* placed great reliance upon *Redman, supra,* which upheld the oral waiver of a jury trial. *Montgomery* referred to the fact that *Redman* upheld this waiver *"in a court of record",* and failed to note that *Redman* involved an offense "cognizable by a justice of the peace". 275 Mich 504, 530. *Rabin* relied upon *Redman* and *Montgomery,* and further made the distinction that no statute required a written waiver of a 12-member jury to a 10- or 11-member jury. *Rabin* noted that a writing was required where one was waiving the jury entirely. 317 Mich 654, 665. Thus, the prosecutor's authorities are founded upon a case involving an offense cognizable by a justice of the peace, in which an oral waiver is authorized, or in fact, as in *Rabin,* make the distinction between the waiver of the complete jury as opposed to the oral waiver of one or two members, and we find that they fail to support the contention that defendant's waiver of his right to a jury trial was valid.

We further note that it is obvious that armed robbery, a felony "punishable by imprisonment in the state prison for life or for any term of years", MCLA 750.529; MSA 28.797, is not an offense that would have been cognizable by a justice of the peace. MCLA 774.1; MSA 28.1192. Therefore, cases allowing the oral waiver of a jury trial where the offense involved is one cognizable by a justice of

the peace, see *People v Redman, supra,* are inapplicable to our situation.

*People v Henderson,* 246 Mich 481; 224 NW 628 (1929), was also cited in *Montgomery, supra,* upon which the prosecutor relies. 275 Mich 504, 527. *Henderson* affirmed one's rape conviction and held that one may, by complying with the statutory predecessor to MCLA 763.3; MSA 28.856, waive his right to a jury trial. In the course of its opinion, *Henderson* said that the statutory method of waiver was necessary because at common law jury trials were exclusive and there was no right to a bench trial. Trials before the court were unauthorized and invalid. 246 Mich 481, 482-483. *People v Brown,* 57 Mich App 568; 226 NW2d 563 (1975), referred to *Henderson,* and said that because the statute in question was "in derogation of the common law [it] must be strictly construed". Therefore, *Brown* said that "[N]o effective waiver may result except through strict compliance with the mandates contained [within MCLA 763.3; MSA 28.856]". In the absence of a written waiver signed by defendant, *Brown* held that the statute had not been followed, and reversed defendant's conviction on the grounds of ineffective waiver of right to jury trial.

*People v Edwards,* 51 Mich App 403, 404; 214 NW2d 909, (1974), noted that the waiver of jury trial statute was "explicit and mandatory", and reversed one's conviction where there was neither a written waiver nor oral waiver of defendant's right to a jury trial. *Edwards* said that defendant's failure to object to the nonjury trial did not preclude appellate review, and applying *Edwards* and *Brown, supra,* to our situation, we are compelled to reverse defendant's conviction and remand for a new trial.

In *United States v Lane,* 479 F2d 1134, 1136 (CA 6, 1973), the court upheld the oral waiver of a 12-man jury and the express consent to proceed with an 11-man jury pursuant to F R Crim P, Rule 23(b), 18 USCA. We have seen earlier that our Supreme Court has also allowed such a waiver, and in the course of doing so distinguished that situation from the waiver of the entire jury. *People v Rabin,* 317 Mich 654, 665; 27 NW2d 126 (1947).[3] The United States Court of Appeals for the Sixth Circuit has refused to apply the harmless error rule to a situation in which there was neither a written nor oral waiver by defendant under Rule 23(b) on the grounds that to apply the harmless error rule would "emasculate", the jury waiver provision. *United States v Taylor,* 498 F2d 390, 392 (CA 6, 1974). Further, that same court has found that a waiver of one's right to a jury trial pursuant to F R Crim P, Rule 23(a) 18 USCA, was ineffective where there was no written waiver form signed by defendant and present in the record. *United States v Davidson,* 477 F2d 136, 137 (CA 6, 1973). Although *Davidson* failed to discuss whether or not there had been an oral waiver, it briefly noted that there must be strict compliance with Rule 23(a) and granted relief in favor of defendant.

We also decline to apply our statutory harmless error rule, MCLA 769.26; MSA 28.1096, and adhere to the analysis of *Brown, supra,* which noted that because waiver of jury trial was in derogation of common law, the statute must be strictly followed. The right to a jury trial is a fundamental right which may not "be whittled away by the legislature or by a too liberal construction of stat-

[3] We note a question as to the constitutional validity of that distinction may be present in light of the discussion in *Patton v United States,* 281 US 276, 290; 50 S Ct 253, 255, 74 L Ed 854 (1930).

ute law by the courts". *People v Bigge,* 297 Mich 58, 72; 297 NW 70 (1941). The Legislature has provided a means by which the waiver of that right will be knowing and intelligent, and we must enforce that statute to ensure the protection of future defendants as well as Ronald Polhamus. Therefore, we find that defendant did not effectively waive his right to jury trial. Our conclusion on this issue compels a new trial at which the other claims of error raised by defendant in this appeal will again become an issue. Accordingly, we will dispose of these claims in the interest of averting a second appeal.

It is defendant's contention that the complaining witness's in-court identification was tainted by improper pretrial police activity, namely: that his waiver of his right to counsel at the line-up was not freely and voluntarily made where the waiver form contained the language that defendant had "no right to refuse to participate" in the line-up even though he had not been arrested at that time; that the photographic identification procedures employed previous to the lineup were improperly made and further tainted the in-court identification; that defendant was denied his right to counsel at the photographic showup and that the complaining witness's testimony failed to establish that she was able to make an untainted and independent identification of defendant.

The complaining witness, the counter clerk at Baryames Cleaners, located at the intersection of Kalamazoo and Shepherd Streets in Lansing, testified that shortly before 6 p.m. on March 7, 1972, a thin young man, approximately 5′ 7″ or 8″ tall with brown hair, entered the cleaners, pulled out a small black pistol, and asked for some money. The clerk gave him $58, and he left the shop. During

the time of the robbery the lights were on, and the witness testified that she saw defendant for approximately three minutes.

Defendant's defense was one of alibi. It was his contention that he was home at the time of the incident, and that he was playing pool with his younger sister after they had finished dinner. Defendant's mother and sister testified on his behalf, and supported his version of the event. Defendant denied being present at the cleaners or participating in a robbery, and the trial court was faced with deciding whether or not the complaining witness or defendant had been truthful or mistaken. We then found defendant guilty.

The record reveals that the officer in charge of the case showed the complaining witness a photo display about six times in an effort to have her identify a subject. On April 6, 1972, the witness identified defendant's picture from "the same batch of pictures" that the officer had shown her previously. Defendant was not in custody at this point, nor had a complaint and warrant been issued. Therefore, defendant was not entitled to counsel at the photographic display, and his argument on this point is without merit. *People v Lee,* 391 Mich 618, 624–626; 218 NW2d 655 (1974).

Assuming *arguendo* the impropriety of the pretrial identification procedures, we find that the in-court identification testimony had a sufficient independent basis and was untainted by the allegedly erroneous pretrial photographic display and lineup. See *People v Edwards,* 55 Mich App 256, 262; 222 NW2d 203, 206 (1974). The cleaners' counter clerk testified that she was confronted by defendant for about three minutes during the course of the robbery. The lights of the shop were on, and she had ample opportunity to observe

defendant. Also, subsequent to the date of the offense, she saw defendant three times as he walked by the cleaners and looked into the window. She also saw defendant at the preliminary examination, and at trial said that her identification was based upon the March 7, 1972 incident and not from the photographic display. Although she also testified that she identified defendant at the lineup, we find that the facts show a sufficient independent basis for her in-court identification testimony, and find no reversible error on this point.

Reversed and remanded for a new trial.