## PEOPLE v WORD

1. CRIMINAL LAW—TRIAL BY JURY—WAIVER—STATUTES—STRICT COMPLIANCE—APPEAL AND ERROR.

    One charged with a serious crime cannot waive the right to a trial by jury, in the absence of statute, except by pleading guilty; it is mandatory that the courts strictly comply with the Michigan statute which provides that if waiver is desired it must be made in writing by the defendant and affirmed orally in open court after the defendant has been arraigned and has had opportunity to consult with counsel, or reversal is required (MCLA 763.3; MSA 28.856).

2. CRIMINAL LAW—INSANITY TESTS—ELEMENTS OF TESTS.

    The salient elements of the test of insanity, where it is pleaded as a defense, are: (1) whether the defendant knew what he was doing was right or wrong; and (2) if he did, did he have the will power to resist doing the wrongful act.

3. WITNESSES—CRIMINAL LAW—DEFENSES—INSANITY—LAY WITNESS TESTIMONY—ADMISSIBILITY—WEIGHT.

    Relevant lay witness testimony on the issue of insanity should be admitted when that defense is raised; the weight of such testimony is for the trier of fact.

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted January 14, 1976, at Lansing. (Docket No. 22509.) Decided March 8, 1976.

Terry Word was convicted of assault with intent to commit rape. Defendant appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 219.

47 Am Jur 2d, Jury § 72 *et seq.*

[2, 3] 21 Am Jur 2d, Criminal Law §§ 45–48, 50–53.

Validity and construction of statutes providing for psychiatric examination of accused to determine mental condition. 32 ALR2d 434.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: N. J. KAUFMAN, P. J., and T. M. BURNS and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Defendant Terry Word, a minor, was charged with assault with the intent to commit rape, MCLA 750.85; MSA 28.280. The probate court waived jurisdiction and he was bound over for trial as an adult. After a nonjury trial, he was found guilty as charged and sentenced to the Michigan Corrections Commission for a term of five to ten years. A motion for new trial was filed based upon defendant's insanity but this was denied. Defendant is before this Court as a matter of right.

The threshold issue raised by defendant is that the waiver of jury trial failed to comply with MCLA 763.3; MSA 28.856, and therefore was invalid and requires a new trial.

In the absence of statute one charged with a serious crime cannot waive a right to a jury trial except by pleading guilty. *People v Henderson,* 246 Mich 481; 224 NW 628 (1929). In *Henderson* the Michigan Supreme Court upheld the validity of the forerunner to MCLA 763.3; MSA 28.856 (CL 1929, § 17131) which granted the accused the right to waive trial by jury. MCLA 763.3; MSA 28.856 provides, *inter alia:*

"In all criminal cases arising in the courts of this state whether cognizable by justices of the peace or

otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof * * * .

"Such waiver of trial by jury must be made in open court after said defendant has been arraigned and has had opportunity to consult with counsel."

The people do not dispute defendant's contention that while it does appear the defendant executed a written waiver of jury trial, nowhere in the record does any transcript of an oral waiver in open court appear.

The cases of *People v Brown,* 57 Mich App 568; 226 NW2d 563 (1975), and *People v Polhamus,* 59 Mich App 609; 230 NW2d 171 (1975), each dealt with a noncompliance with the requirements of the waiver statute and each resulted in a reversal.

In a companion case, *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975), this Court, utilizing the same rationale of *Brown, supra,* and *People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974), reversed defendant's conviction when it appeared that his waiver of a jury was not made in open court. In that case, as here, a written waiver had been filed and was present in the lower court's record. The panel stated:

"Since there is no evidence that defendant waived his right to trial by jury in open court, we are constrained to hold that the statute was not complied with and that the defendant, therefore, did not effectively waive his right of trial by jury." *Rimmer, supra,* 647–648.

Thus strict compliance with the statute is necessary and requires both a written waiver and an

acknowledgment in open court of the waiver of a jury. There being no open court acknowledgment of the waiver of jury trial, this Court's prior ruling in *Rimmer, supra,* requires a retrial.

Because of the foregoing disposition we find a lengthy discourse on the other issues raised to be unnecessary. Some comment, however, is appropriate as they may arise again on retrial.

Defendant contends the trial court misapplied the standard for legal responsibility as set forth in *People v Martin,* 386 Mich 407; 192 NW2d 215 (1971). A review of the trial court's holding in this regard does create some question as to whether the broader standard enunciated in *Martin, supra,* was applied or whether the court continued to measure defendant's conduct with that of the irresistible impulse test. After reviewing the testimony of the witnesses that it considered controlling, the court more than once utilized the phrase "irresistible impulse".

*Martin, supra,* 418, stated:

"The salient elements of the Michigan test are: 1) whether defendant knew what he was doing was right or wrong; and 2) if he did, did he have the power, the will power, to resist doing the wrongful act? The Michigan test encompasses not only a sudden overpowering, irresistible impulse but any situation or condition in which the power, 'the will power' to resist, is insufficient to restrain commission of the wrongful act." (Footnote omitted.)

In view of the psychiatric testimony presented as to defendant's history and condition, the distinction in standards was an extremely critical one. However, while the court's choice of words may have created some confusion, our reading of the record persuades us that the court knew the cor-

rect standard and at one point enunciated it. We will not presume on this record that it was not utilized.

Defendant lastly claims error in the trial court's exclusion of a social worker's lay testimony concerning defendant's sanity.

The rule is that lay testimony, where the defense of insanity is before the court, is relevant on that issue and the weight of such testimony is for the trier of fact and thus, should be admitted. See *People v Alsteens,* 49 Mich App 467; 212 NW2d 243 (1973), *People v McBride,* 55 Mich App 234; 222 NW2d 195 (1974), *People v Wright,* 58 Mich App 735; 228 NW2d 807 (1975). Considering this witness's testimony on cross-examination and his overall credibility and thus, weight, the exclusion of this testimony was harmless.

Reversed and remanded for a new trial.