STATE of Maine

v.

Keith SMITH.

Supreme Judicial Court of Maine.

Nov. 16, 1976.

Thomas E. Delahanty, II, Dist. Atty., Herbert Bunker, Jr., Asst. Dist. Atty., South Paris, for plaintiff.

Craig E. Turner, South Paris, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is an appeal from two convictions following a non-jury trial. We are faced with a dilemma created by the state of the appellate record now before us. In order to avoid any prejudice to either side we deem it appropriate to remand the case to the Superior Court for such further proceedings as may be required, consistent with this decision.

What is our dilemma?

Appellant designated for inclusion in the record on appeal "All Docket Entries" and "All pleadings, Motions and Orders." A detailed examination of the record as filed, which we should be able to assume comports with the designation, fails to disclose any waiver of the appellant's right to a jury trial.[1] Rule 23(a), M.R.Crim.P., provides:

> "The defendant with the approval of the court may waive a jury trial. The waiver must be in writing."

Furthermore, any application to the Superior Court for an order (such as approval of a requested jury waiver) must be by motion and "in writing unless the court permits it to be made orally." Rule 47(a), M.R.Crim.P. Form 20 in the Appendix of

---

* WEATHERBEE, J. sat at argument and participated in consultation but died prior to preparation of opinion.

1. Since both the United States and Maine Constitutions establish the fundamental right of trial by jury for all non petty offenses, it would seem obvious that, absent a valid waiver of that right, no single justice would have any authority to render a guilty verdict. U.S.Const. amend. VI; Maine Const., art. 1, § 6; *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *In re Holbrook*, 133 Me. 276, 177 A. 418 (1935).

Forms, M.R.Crim.P.,[2] gives the format for the written request pursuant to Rule 23(a), including the approval of the Justice. Nowhere in the record on appeal is such a form to be found. What would appear to be complete docket entries[3] contain no mention of it.

We have also examined without success the trial transcript to determine if the defendant orally, either in person or through counsel, stated a desire to waive jury trial. Neither is there any oral statement by the Justice below unilaterally approving any jury waiver request. Such being the case, we need not decide whether an *oral* compliance with Rule 23(a), M.R.Crim.P., is adequate. *But see People v. Rimmer*, 59 Mich.App. 645, 230 N.W.2d 170 (1975).

From the above recited facts, we conclude that the record fails to show any compliance with Rule 23(a), M.R.Crim.P., thus demonstrating a non-satisfaction of the requirements of due process. *State v. Chase*, 280 A.2d 550 (Me.1971).

There are two sides to a coin, however.

The trial was on November 12, 1974, counsel having been appointed for the defendant one month previously. In the interim a motion for a preliminary psychological evaluation had been filed and granted.

As the actual trial began, the *court reporter* gratuitously noted: "This matter came on for trial . . . without a jury . . . ." The State was represented by a County Attorney and the defendant by his court-appointed counsel. At no point in the fifty-nine page transcript does either attorney mention the absence of a jury, leading us to believe that the trial was being conducted exactly as planned and scheduled, namely, jury waived.

Both counsel have submitted extensive briefs to us and neither suggests any failure to comply with Rule 23(a), M.R.Crim.

P. Furthermore, the Justice presiding is well known to us as learned, judicious and with extensive experience in presiding at both jury and non-jury trials. It is almost inconceivable that he would allow a non-jury trial to proceed if, in fact, he did not believe Rule 23(a), M.R.Crim.P., was operative.

We are aware, however, that oversights can occur. What everyone *assumes* to have been done may not have been. Our sixteen Clerks' offices are busy, each maintaining active dockets. Mistakes can and do happen.

The question, simply put, is this: Had the defendant seasonably waived his right to a jury trial? If not, the trial of November 12th was a nullity, the single Justice had no legal right to render the guilty verdicts, and the convictions would have to be reversed. *United States v. Davidson*, 477 F.2d 136 (6th Cir. 1973); *United States v. McCurdy*, 450 F.2d 282 (9th Cir. 1971). If, however, the record before us does not accurately reflect the proceeding in the Superior Court, we are not powerless to cause appropriate corrections to conform to the truth.

Rule 39(i), M.R.Crim.P., provides:

"(i) *Power of Court to Correct or Modify Record.* It is not necessary for the record on appeal to be approved by the court below except as provided in subdivisions (n) and (r) of this rule but, if any difference arises as to whether the record truly discloses what occurred, the difference shall be submitted to and settled by the court below and the record made *to conform to the truth.* If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the Law Court, on a proper suggestion or of its own initiative, may direct that the omission or

---

2. "The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Rule 58, M.R.Crim.P.

3. The docket entries originate with the return of the indictment at the October 1974 Term, depict 31 entries thereafter, terminating with the transmittal of the file to the Law Court on November 19, 1975.

misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk below. All other questions as to the content and form of the record shall be presented to the Law Court."

In summary, if no written waiver of trial by jury existed when the case went to trial on November 12, 1974, the convictions are reversed and a new trial is ordered. Conversely, if the record before us is erroneous in not reflecting the existence of a jury waiver, we direct that such omission be corrected in the court below and a supplemental record be attested and transmitted by the clerk below. Only in this latter event would we then have jurisdiction to consider the appeal on its merits, it being our considered judgment that to do so on the present state of the record would be to give an advisory opinion, an authority we do not possess as a Law Court.

The entry is:

Remanded to the Court below for such further proceeding as is consistent with this mandate.

All Justices concur.

DELAHANTY, J., did not sit.