PEOPLE v LITTLE

Docket No. 77-1270. Submitted October 3, 1978, at Lansing.—Decided November 7, 1978.

Ben C. Little was convicted of possession of controlled substances in Jackson Circuit Court, Gordon W. Britten, J. The offense occurred in a state prison camp where defendant was serving part of his sentence for a previous conviction. Defendant appeals, alleging (1) that his motion to dismiss should have been granted because there was insufficient evidence linking defendant to the controlled substances, (2) that the prosecutor failed to negate every reasonable theory consistent with defendant's innocence, (3) that defendant presented prima facie evidence of legitimate possession of the controlled substances, and (4) that defendant did not orally waive his right to a jury trial, therefore, his nonjury trial was improper. *Held:*

1. The prosecutor produced sufficient evidence on all elements of the offense charged. Contraband found in an envelope with defendant's prison number on it constituted evidence which linked defendant to the controlled substance and would, at least, overcome defendant's motion to dismiss.

2. In this case the trier of fact did properly find every reasonable theory of defendant's innocence was negated by the prosecution.

3. A defendant has the burden of proof in establishing that

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 105-108.

Formal requirements of judgment of dismissal as regards appealability. 73 ALR2d 250.

[2-4] 21 Am Jur 2d, Criminal Law § 85.

29 Am Jur 2d, Evidence §§ 148, 226, 264, 266.

30 Am Jur 2d, Evidence §§ 1091, 1125, 1172, 1173.

Modern status of the rules against having an inference upon an inference as a presumption upon a presumption. 5 ALR3d 100.

[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 21, 45, 47.

Validity and construction of statute creating presumption or influence of intent to sell from possession of specified quantity of illegal drugs. 60 ALR3d 1128.

[5] 21 Am Jur 2d, Criminal Law § 219.

47 Am Jur 2d, Jury §§ 72-83.

Sufficiency of waiver of full jury. 93 ALR2d 410.

he has legitimate possession of a controlled substance. Evidence is insufficient to show legitimate possession where defendant only showed the controlled substance could be obtained by prescription but failed to show that he ever had a prescription.

4. Oral waiver of a defendant's right to trial by jury by defense counsel with defendant present and a signed waiver by defendant is sufficient to waive the jury.

Affirmed.

1. APPEAL AND ERROR—CRIMINAL LAW—MOTION TO DISMISS—REVIEW.

A motion to dismiss is reviewed by considering the evidence presented at the time of the motion in the light most favorable to the prosecution, and by determining whether there is evidence supporting each element of the charge.

2. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—PROSECUTION—REASONABLE THEORIES—BURDEN OF PROOF—TRIER OF FACT.

The prosecution has the burden of proving that there is no reasonable innocent theory which will accord with the facts where the people's case is based on circumstantial evidence; it is for the trier of fact to determine whether the prosecution has negated every reasonable theory consistent with a defendant's innocence.

3. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—INFERENCES.

An inference based on circumstantial evidence must follow from such evidence with an impelling certainty and it is for the trier of fact to determine if the inference is compelling.

4. DRUGS AND NARCOTICS—LEGITIMATE POSSESSION—PRESCRIPTIONS—BURDEN OF PROOF.

A defendant has the burden of proof in establishing that he has legitimate possession of a controlled narcotic; a defendant failed to present evidence of legitimate possession where he only showed that the controlled substance could be obtained by prescription but failed to show that he ever had a prescription for the substance (MCL 335.356; MSA 18.1070[56]).

5. CRIMINAL LAW—TRIAL BY JURY—WAIVER—STATUTES.

A waiver orally made by defense counsel with defendant present in open court and signed by the defendant satisfies the statutory requirements necessary to properly waive a defendant's right to a trial by jury (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Myron E. Sanderson,* Assistant Prosecuting Attorney, for the people.

*Domnick J. Sorise,* Assistant State Appellate Defender, for the defendant on appeal.

Before: V. J. Brennan, P.J., and Allen and P. F. O'Connell,* JJ.

Per Curiam. Defendant was charged with and convicted of possession of five pills containing amobarbital and secobarbital which are controlled substances. MCL 335.341(4)(b); MSA 18.1070(41)(4)(b). The offense occurred on May 7, 1976, in a state prison camp where defendant was serving part of his sentence for a previous conviction. Defendant was sentenced to a consecutive term of one to two years and now appeals.

Robert E. Malott, who was employed at defendant's prison camp, discovered defendant in a 7-foot by 10-foot furnace room of the camp while checking on the whereabouts of another prisoner. The room was off-limits to prisoners and Malott asked defendant what he was doing there, to which defendant replied, "nothing". Malott quickly searched the room and took defendant to the control office. In his search Malott discovered an envelope, of a type commonly used in the camp, with the following writing on it: "One a day, 141469 [defendant's prison number] March 26th, 1976". The envelope contained seven "water pills" which were not a controlled substance and the five pills which constituted the basis of defendant's conviction. Malott found the envelope behind a fire extinguisher secured to a wall about one foot from where defendant was standing. Malott also saw a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

blue prison jacket, a belt, and a glass of water in the room but these items apparently did not belong to defendant.

When Malott and defendant left the furnace room, Malott padlocked the door. A short while later Malott found that the window of the room had been broken out from the inside. The door to the room was still locked. The implication from this was that someone besides defendant was in the furnace room when defendant was discovered. A person could have been concealed behind the furnace where Malott would not have seen him. The trial court states that there "very well could have been a person in the room * * * " and the prosecutor conceded in his closing argument that there could have been such a person.

Defendant's primary contention on appeal is that there was insufficient evidence linking defendant to the controlled substances. In this vein, defendant argues that his motion to dismiss at the close of the people's case should have been granted and that the prosecutor failed to negate every reasonable theory consistent with defendant's innocence. A motion to dismiss is reviewed by considering the evidence presented at the time of the motion in the light most favorable to the prosecution, and by determining whether there is evidence supporting each element of the charge. *People v De Clerk,* 400 Mich 10, 18; 252 NW2d 782 (1977). The prosecutor's duty to negate reasonable theories inconsistent with defendant's guilt stems from the circumstantial nature of the evidence in the case. *People v Davenport,* 39 Mich App 252; 197 NW2d 521 (1972).

Our review of the facts reveals that the prosecutor produced evidence on all elements of the offense charged. Primarily, defendant contends that

evidence was lacking which linked defendant to the controlled substances. The contraband found in an envelope with defendant's number on it, with other pills in it which were of a type prescribed for defendant, and found next to defendant, constituted evidence which would, at least, overcome defendant's motion to dismiss.

We further find that the circumstantial evidence in this case supports defendant's conviction. As defendant argues, in a case based on circumstantial evidence the prosecution has the burden of proving that there is no reasonable innocent theory in accord with the facts, and any inference involved must follow as an impelling certainty. *People v Davenport, supra.* However, it is for the trier of fact to determine whether the prosecution has negated every reasonable theory consistent with the defendant's innocence. *People v Fuller,* 395 Mich 451, 455; 236 NW2d 58 (1975), *People v Jablonski,* 70 Mich App 218, 225; 245 NW2d 571 (1976). See also *People v Edgar,* 75 Mich App 467; 225 NW2d 648 (1977). And it is likewise for the trier of fact to determine if the inferences are compelling. *People v Peterson,* 63 Mich App 538, 547; 234 NW2d 692 (1975). In this case the trier of fact did find every reasonable theory of defendant's innocence negated and the inferences used compelling.[1]

On appeal, defendant also contends the trial court erred in denying a defense motion to dismiss based on, allegedly, defendant's presentation of prima facie evidence of legitimate possession and the prosecution's failure to present evidence negat-

---

[1] Defendant contends that the trier of fact only considered one of his theories of innocence, *i.e.,* defendant was "framed". But in disagreeing with this theory and finding defendant guilty as charged, the trier of fact necessarily found that the envelope of pills was indeed defendant's and not someone else's envelope with defendant's number mistakenly printed on it.

ing legitimate possession. We do not accept defendant's contention since we find that defendant failed to present evidence of legitimate possession. The only thing defendant showed was that the controlled substance could be obtained by a prescription. Defendant failed to show he ever had a prescription for the substance. MCL 335.356; MSA 18.1070(56).

Defendant's final contention on appeal is that he did not properly waive his right to a jury trial. At the beginning of the trial, defense counsel stated:

"Your Honor, at this time we would also ask the Court if we could waive trial by jury."

The trial court responded:

"All right. You may step forward then Mr. Little here, and waive trial by jury."

Defendant then signed the written waiver of jury form. Defendant now contends this process was insufficient to waive a jury trial because defendant himself did not orally waive his right to a jury.

MCL 763.3; MSA 28.856 requires a written waiver of jury "made in open court". Although the statute does not actually state a requirement of an oral waiver, at least one panel of this Court indicated such a requirement exists. *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976). But *Word* did not say that a defendant himself need necessarily make the oral waiver. *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975), which *Word* relied upon, was a case where there was no evidence of any waiver, oral or written, in open court. On the instant record it is abundantly clear that defendant desired to have his case heard by the trial

judge and without a jury. There was a waiver in open court, and it was written by defendant and orally made by defense counsel with defendant present. The language and procedure used expressed a clear waiver of a jury trial and conformed with the statutory requirements.

Affirmed.