PEOPLE v BRAXTON

Docket No. 77-2343. Submitted January 5, 1979, at Detroit.—Decided
    August 20, 1979.

    Robert Braxton was convicted of first-degree criminal sexual
    conduct in a bench trial in Detroit Recorder's Court, Samuel H.
    Olsen, J. More than a month before trial, defendant and his
    attorney executed before a court clerk the form required for
    waiving a jury trial. Immediately prior to defendant's trial, the
    judge indicated, in the presence of defendant and his attorney,
    that the defendant had executed a written waiver of trial by
    jury. No comments or objections were moved by defendant or
    his counsel. Defendant appeals and argues that there was no
    knowing waiver of his right to a jury trial. *Held:*

        The written waiver of a jury trial executed by defendant and
    his attorney before the court clerk, when coupled with the trial
    court's reference to that waiver form made in the presence of
    defendant and his counsel immediately prior to trial, satisfies
    the statutory requirement that the waiver be made in open
    court.

        Affirmed.

        T. M. BURNS, J., dissented. He would hold that the statutory
    requirements for an effective waiver of the right to a jury trial
    were not satisfied. Neither the waiver form itself, nor the trial
    court's reference to that form, establishes that the defendant
    waived his right to a jury trial in open court as required by
    statute. He would reverse and remand for new trial.

OPINION OF THE COURT

1. CRIMINAL LAW — RIGHT TO JURY TRIAL — WAIVER — WRITTEN
        WAIVER — OPEN COURT — STATUTES.

    A written waiver of a jury trial executed by defendant, with his
    attorney present, before a court clerk, when coupled with
    reference to that waiver form made by the trial court in the

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 219.
   47 Am Jur 2d, Jury §§ 83, 84.
[2] 47 Am Jur 2d, Jury §§ 83, 84.

presence of defendant and his counsel immediately prior to trial, is sufficient to satisfy the statutory requirement that the waiver of the right to a jury trial shall be in open court after an opportunity to consult with counsel (MCL 763.3; MSA 28.856).

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW — RIGHT TO JURY TRIAL — WAIVER — WRITTEN WAIVER — OPEN COURT — ORAL WAIVER — STATUTES.

   *The statutory requirement that a waiver of the right to a jury trial must be in open court requires proof, other than the written waiver itself, that the waiver occurred in open court (MCL 763.3; MSA 28.856).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Victor M. Norris,* Assistant Prosecuting Attorney, for the people.

*John C. Mouradian,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and BASHARA, JJ.

BASHARA, J. The majority of this panel adopts the factual determination set forth by Judge BURNS. However, we reach a different conclusion and would affirm the conviction.

MCL 763.3; MSA 28.856 provides that the "waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel".

A review of the record reveals that defendant was accompanied by counsel when he signed the proper waiver form in open court before a clerk of the court.

Immediately prior to trial, the judge indicated on the record that the defendant had executed the

waiver. At the time of that pronouncement, defendant and his attorney were in the courtroom.

The cases cited by the dissent can be distinguished. In *People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974), and *People v Polhamus,* 59 Mich App 609; 230 NW2d 171 (1975), *lv den* 394 Mich 819 (1975), no written waiver was made a part of the record. In *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975), and *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976), no oral acknowledgment was made in open court.

Rather, we rely on our majority opinion in *People v McKaig,* 89 Mich App 746; 282 NW2d 209 (1979), *People v Little,* 87 Mich App 50; 273 NW2d 583 (1978), and *People v Slappy,* 59 Mich App 525; 230 NW2d 4 (1975).

Affirmed.


N. J. KAUFMAN, P.J., concurred.


T. M. BURNS, J. *(dissenting).* Defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), in a bench trial. The only question on appeal is whether defendant properly waived his constitutional right to be tried by a jury.

On January 26, 1977, defendant and his attorney executed before a court clerk a document waiving a jury trial. The form signed is that required by the statute. MCL 763.3; MSA 28.856. Trial began over a month later, March 8, 1977. At that time, the trial court stated: "Let the record show the defendant has executed a written waiver of trial by jury." There was no questioning of the defendant by the court and defendant said nothing.

In my view, there was not sufficient compliance

with the statute. Defendant did not properly waive his right to a jury trial and the conviction should be reversed.

The rules surrounding waiver of a jury in criminal cases are collected and discussed in 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 558, p 52. Recognizing the importance of a jury trial in our scheme of criminal procedure, and its exclusivity at the common law, our courts have required strict compliance with the statute before an effective waiver will be found. *People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974), *People v Polhamus,* 59 Mich App 609; 230 NW2d 171 (1975), *lv den* 394 Mich 819 (1975). Where the written waiver is executed well before trial, it is necessary that there be proof, other than the document itself, that the waiver occurred in open court. An oral waiver before taking evidence is sufficient proof of this fact and is a necessary step in situations such as presented here. *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975), *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976).[1] See also my dissenting opinion in *People v McKaig,* 89 Mich App 746, 751; 282 NW2d 209 (1979), also submitted to this panel.

In this case there is no indication that defendant waived his right to a jury in open court as required by the statute. The trial court's statement refers only to a written waiver in the file. It has no bearing on where or when or under what circumstances that waiver was executed. The record does not show that the provisions of the statute were followed and defendant is entitled to a new trial.

I would reverse and remand.

---

[1] Compare *People v Slappy,* 59 Mich App 525; 230 NW2d 4 (1975), and *People v Little,* 87 Mich App 50; 273 NW2d 583 (1978), where an effective waiver was found with the facts of this case.