HANSON v. FLETCHER AUTO SALES CO.

1. EVIDENCE—PAROL TESTIMONY—WRITTEN CONTRACT.
   Parol testimony may not be received to vary the terms of a written instrument.

2. SAME—EVIDENCE OF FRAUDULENT REPRESENTATIONS ADMISSIBLE TO NULLIFY CONTRACT.
   Where fraud is claimed to have been practiced in a transaction, evidence of fraudulent representations does not change the terms of a written contract, but if established and they are material, they nullify the contract, and evidence of them is admissible for that purpose.

[1]Evidence, 22 C. J. §§ 1380, 1459; 17 L. R. A. 271; 10 R. C. L. 1016; 2 R. C. L. Supp. 1139; 4 R. C. L. Supp. 686; 5 R. C. L. Supp. 582; 6 R. C. L. Supp. 635; [2]Id., 22 C. J. § 1621.

3. SAME—EVIDENCE OF FRAUD IN PROCUREMENT OF CONTRACT ADMISSIBLE.

In an action for fraud in an exchange of automobiles, testimony that defendant represented that the car he was delivering to plaintiff was a 1922 model, while in fact it was a 1920 model, was admissible in evidence not for the purpose of varying the terms of the written contract, but to show that it was void because procured by fraud.

4. FRAUD—EVIDENCE—SUFFICIENCY.

In an action for fraud in an exchange of automobiles, evidence that the car represented to plaintiff to be a 1922 model was in fact a 1920 model, *held*, sufficient to take said question to the jury.

5. SAME—EVIDENCE OF VALUE SUFFICIENT TO TAKE SAID QUESTION TO JURY.

Evidence as to the value of the car delivered to defendant by plaintiff, *held*, sufficient to show that it was of some value, upon which a jury might fix the damages.

6. EVIDENCE—LETTERS—ADMISSIBILITY.

Letters written to the buyer of an automobile by a discount company, to whom the seller had transferred the buyer's obligation, were not binding on the seller and therefore were properly excluded in the buyer's action for fraud in the sale.

Error to Bay; Houghton (Samuel G.), J. Submitted April 20, 1927. (Docket No. 129.) Decided June 6, 1927.

Case by George Hanson against the Fletcher Auto Sales Company for fraud in an exchange of automobiles. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Kinnane & Leibrand,* for appellant.

*Collins & Thompson,* for appellee.

FELLOWS, J. This is an action for fraud and deceit. Plaintiff claims he was induced to trade his

³Evidence, 22 C. J. § 1623 (Anno); ⁴Fraud, 27 C. J. § 211; ⁵Id., 27 C. J. 269½; ⁶Evidence, 22 C. J. § 397 (Anno).

Maxwell automobile for a Studebaker car on the false representation that it was a 1922 model. He gave testimony himself and produced witnesses present when the transaction took place tending to show that the Studebaker car was represented to be a 1922 model; that after negotiations in which Mr. Briggs, the "manager" or "head salesman" of defendant was called in, an agreement was reached whereby he was to turn in his Maxwell at $200 and give his obligation for $200 and insurance and handling charges amounting to $52.60. He also claims to have paid defendant $2 to procure his title to the car. It is his claim that after learning that the Studebaker was a 1920 model he refused to make further payments and a representative of defendant took it back, and upon inquiry of defendant he learned that his Maxwell had been sold. The contract between the parties contained the following language:

"It is understood that all details pertaining to the execution of this contract are embodied herein and that there are no verbal agreements pertaining thereto."

At the close of plaintiff's proofs, defendant's counsel moved for a directed verdict on three grounds that may be thus summarized:

"(1) That the automobile was sold 'as is' under the provisions of a written contract and the terms of that contract may not be varied by parol.

"(2) Plaintiff has not proved that the automobile was not a 1922 model.

"(3) There is no proof of the value of the Maxwell car which was taken by the defendant in exchange for the Studebaker."

The trial judge sustained defendant's second and third contentions and directed a verdict for defendant. Defendant's counsel here insist on all three grounds, and they will all be considered.

1. It is said that the words "as is" have a well

understood meaning in the sale or exchange of used automobiles, and that the language of the contract we have quoted precludes the introduction of parol proof. The rule is well recognized that parol testimony may not be received to vary the terms of a written instrument.. But, likewise, the rule is well recognized that, where fraud is claimed to have been practiced in a transaction, evidence of fraudulent representations does not change the terms of a written contract, but, if established and they are material, they nullify the contract, and evidence of them is admissible for that purpose. This is so well established by numerous decisions that we quote from but one recent case in which the contract contained a provision of substantial purport to that in the instant case. In *Plate* v. *Surety Co.*, 229 Mich. 482, Mr. Justice WIEST, after quoting the provision, said:

"The seal of silence as to actual fraud is not imposed by any such provisions. It is elementary that fraudulent representations inducing a contract · will void it. Plaintiff does not seek to vary the terms of the contract, but claims the contract is void because she was induced to execute it by false and fraudulent representations made by Mr. Scott. It has long been settled that such provisions in a contract do not prevent showing the contract is void by reason of false and fraudulent representations in its procurement."

2. Plaintiff testified that he paid defendant $2 to procure a certificate of title. Some time afterward he received through the mail, in an envelope bearing defendant's name, a certificate of title to the car which showed that it was a 1920 model. The certificate was not issued in plaintiff's name, but is the only certificate sent by defendant to the plaintiff. The defendant makes no claim that he forwarded him the wrong certificate or that the certificate was not for the car traded to plaintiff. When plaintiff's first payment fell due he was visited by defendant's repre-

sentative, and then claimed that he had traded for a 1922 car. Defendant's representative only said: "Can't you tell a 1920 from a 1922?" Plaintiff said he could not, and, if it was a 1920 car, "you can take the car and the deal is closed," and that the next day they took the car. We do not think, under these circumstances, it can be said that the case is barren of proof that the car was a 1920 model.

3. Plaintiff was not a dealer in second-hand automobiles, and his testimony was that the Maxwell he delivered to defendant was worth $200 to him. It was taken at that figure in the trade. There was other testimony in the case. One of the witnesses who was present when the deal was made testified that Mr. Briggs, defendant's representative, said during the negotiations, after consulting the blue book and referring to plaintiff's car, "that Maxwell is only worth $35." We think this statement made by defendant's representative is some evidence that the Maxwell car was worth at least that figure.

The letters written to plaintiff by the discount company, to whom the defendant had transferred the plaintiff's obligation, were not binding on defendant and were properly excluded; without them, however, plaintiff made a case for the jury.

The judgment must be reversed and a new trial granted. Plaintiff will have costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.