## PEOPLE *v*. BOYD

1. SEARCHES AND SEIZURES—LEGALITY—PRESERVATION OF QUESTION—APPEAL AND ERROR.

    Whether a gun used by defendant in shooting the complainant was the fruit of an illegal search and seizure and therefore inadmissible was a question not preserved for appellate review where defendant's trial counsel failed to object to its admission into evidence.

2. TRIAL—CRIMINAL LAW—EVIDENCE—PREJUDICE—SELF-DEFENSE.

    Admission into evidence of the gun used by defendant in shooting the complainant was not prejudicial where defendant testified that he shot complainant accidentally in attempting to defend himself.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 January 13, 1970, at Detroit. (Docket No. 6,907.) Decided January 28, 1970.

Willie Boyd was convicted by a jury of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Leonard Meyers*, Assistant Prosecuting Attorney, for the people.

*M. John Shamo*, for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Searches and Seizures § 54.
    29 Am Jur 2d, Evidence §§ 412, 418, 425, 426.
[2] 29 Am Jur 2d, Evidence §§ 288, 821, 827.

Before: Danhof, P. J., and Fitzgerald and Mc-Gregor, JJ.

Per Curiam. Defendant was convicted by a jury of assault with intent to commit murder, CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278). He was sentenced to a term of 8 to 15 years in prison.

On appeal defendant questions the admissibility into evidence of the gun used by him in shooting the complainant, claiming that the gun was the fruit of an illegal search and seizure. The trial court asked defense counsel if he had any objection to the admission of the gun and he answered, "No objection." Therefore, this issue has not been preserved for appellate review. *People* v. *Wilson* (1967), 8 Mich App 651.

Furthermore, admission of the gun into evidence was not prejudicial as defendant testified that he shot the complainant accidentally in attempting to defend himself.

Finally, *People* v. *Shaw* (1968), 9 Mich App 558, relied on by defendant, is distinguishable from the instant case since defense counsel in the *Shaw* case did object to the admission of the evidence in question.

Affirmed.