PEOPLE *v.* KACZYNSKI

1. CONSTITUTIONAL LAW—COUNSEL—PREPARATION.
    Inherent in a defendant's right to counsel is the right to effective counsel; to be effective, counsel requires adequate time for preparation.

2. CONSTITUTIONAL LAW—COUNSEL—PREPARATION—CRIMINAL LAW.
    Claim of defendant convicted of robbery armed that he was denied the effective assistance of counsel because an adjournment of trial for one day did not afford him or his attorney adequate time to prepare for trial was without merit where defendant's attorney at his trial on January 28, 1969, was the same attorney who represented him at preliminary examination on August 22, 1968, and at arraignment in circuit court on September 9, 1968, and neither the record nor defendant's brief demonstrate any prejudice to defendant arising from the one-day adjournment.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 May 6, 1970, at Lansing. (Docket No. 7,025.)    Decided June 1, 1970.

Harry F. Kaczynski was convicted of armed robbery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald F. Kuebler,* Assistant Prosecuting Attorney, for the people.

*John T. Connolly,* for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  21 Am Jur 2d, Criminal Law §§ 312–314, 319, 320.

Before: T. M. Burns, P. J., and Quinn and
Roberts,* JJ.

Per Curiam. January 29, 1969, a jury convicted
defendant of robbery armed, CLS 1961, § 750.529
(Stat Ann 1970 Cum Supp § 28.797). He was sen-
tenced and he appeals. It is defendant's position on
appeal that he was denied the effective assistance
of counsel because the adjournment of trial for one
day did not afford defendant or his attorney ade-
quate time to prepare for trial.

Defendant was arrested July 14, 1968 on a war-
rant charging him with the offense of which he
stands convicted. He was represented by appointed
counsel at preliminary examination on August 22,
1968 and by the same counsel at arraignment in
circuit court on September 9, 1968. On the latter
date, the prosecuting attorney served defendant's
attorney with notice of intent to use defendant's ad-
missions or confessions at trial, notice of the physi-
cal evidence the people intended to introduce at
trial, and a copy of the circuit court history which
included a copy of the police report to the prosecut-
ing attorney and a list of witnesses with résumés
of their knowledge of the case.

July 8, 1968, defendant was convicted by his plea
of guilty in Federal District Court of the crime of
bank robbery and he was sentenced to prison. De-
fendant's trial on the present charge was scheduled
for January 28, 1969. That day defendant was
returned from federal prison in Atlanta, Georgia
to Flint. Defendant objected to proceeding with
trial on the 28th because of the lack of time for prep-
aration. Defendant's attorney was the same at-
torney who represented defendant at preliminary
examination and at arraignment in circuit court.

* Circuit judge, sitting on the Court of Appeals by assignment.

After selecting a jury, the trial court adjourned the trial to January 29, 1969 to afford defendant and his attorney time to confer and prepare.

Robbery armed is not a complex crime.   Seven eyewitnesses identified defendant as the robber. Two police officers testified without objection that defendant admitted the robbery to them and defendant does not question their testimony on appeal. If defendant demonstrated in any way that he was prejudiced by the short adjournment, he might establish error of a reversible nature.   Inherent in defendant's right to counsel is the right to effective counsel.   To be effective, counsel requires adequate time for preparation.   Neither the record nor defendant's brief demonstrate any prejudice to defendant arising from the one day adjournment.

Affirmed.