PEOPLE *v.* WOODY

PEOPLE *v.* JONES

1. CRIMINAL LAW—ARRAIGNMENT ON WARRANT—DELAY.

Delay between the arrest on January 18 and arraignment on the warrant on January 20 does not constitute a ground for reversal where defendants did not allege that they were held for questioning, or that they gave confessions during the delay, as that the outcome of the trial was not in any way affected by the detention.

2. SEARCHES AND SEIZURES — EVIDENCE — PRESERVING QUESTION — FAILURE TO OBJECT.

Failure of defendants to object at trial to the admission in evidence of a radio which was seized during a search without a warrant waived the issue for appeal.

3. CRIMINAL LAW—JURY TRIAL—WAIVER.

Assertion of defendants that the record did not disclose a knowing and intentional waiver of the right to trial by jury was without merit, where a written "waiver of trial by jury" signed by defendants and their counsel was included in the trial court record.

4. CRIMINAL LAW—ADJOURNMENT—ALIBI—DISCRETION.

Refusal of defendant's request for an adjournment to file an alibi was not an abuse of discretion where defendant failed to file timely notice of this defense as required by statute and where the trial court allowed defendant's main alibi witness to testify. (MCLA 768.20).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 456.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 21 Am Jur 2d, Criminal Law § 219.
[4] 21 Am Jur 2d, Criminal Law §§ 136, 137.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket Nos. 7,477, 8,047.) Decided July 31, 1970.

James Woody and Robert Jones were convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendants, on appeal.

Before: Lesinski, C. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. Defendants James Woody and Robert Jones were found guilty of breaking and entering an occupied dwelling with intent to commit a larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Defendants bring this appeal as of right.

Defendants raise several issues which we will consider in the order raised. First, defendants argue that their rights to due process were violated due to an allegedly unnecessary delay between their arrest and arraignment. Defendants were arrested on Saturday, January 18, 1969, at approximately 8:30 p.m. The complaint and warrant did not issue until Monday, January 20, 1970. On the same date defendants were arraigned on the warrant.

Defendants do not allege that they were held for the purposes of questioning or that they gave a confession during this period. *Cf. People* v. *Walters* (1967), 8 Mich App 400; *People* v. *Hamilton* (1960), 359 Mich 410. There is also no allegation that the result of the trial was affected in any way by the detention. Assuming, without deciding, that the detention was unnecessarily long, defendants were not prejudiced thereby and the delay does not constitute a ground for reversal. *People* v. *Wavie Williams* (1969), 19 Mich App 291; *People* v. *Farmer* (1968), 380 Mich 198.

Defendants also challenge the admissibility of a radio which was seized during a warrantless search, and which was admitted into evidence at trial. We do not reach the merits of this issue. Defendants did not object to the admission of the evidence below, thereby waiving the issue for appeal. *People* v. *Boyd* (1970), 21 Mich App 191.

Defendants further allege on appeal that the record does not disclose a knowing and intentional waiver of the right to trial by jury. The assertion is without merit. The trial court record includes a written "waiver of trial by jury" signed by defendants and their trial counsel. There is no allegation that the waiver was not made in open court, that defendant did not first consult with counsel or that they were in any way coerced into making the waiver. The waiver was valid and effective. *People* v. *Rawls* (1967), 6 Mich App 586; MCLA § 763.3 (Stat Ann 1954 Rev § 28.856).

Finally, defendant Jones argues that his constitutional right to obtain witnesses in his own behalf was violated when the trial court refused his request for an adjournment to file an alibi. The record reveals that defendant failed to file timely notice of this defense as required by statute. MCLA

§ 768.20 (Stat Ann 1954 Rev § 28.1043). The trial judge, therefore, could, in his discretion, have excluded evidence offered by defendant to establish the alibi. MCLA § 768.21 (Stat Ann 1954 Rev § 28.1044). The trial court, however, did allow defendant's main alibi witness to testify. Our review of the record satisfies us that no abuse of discretion occurred below.

The record reveals that defendants were given a fair and impartial trial and that no miscarriage of justice was committed.

Affirmed.