ORR v. SCHMIDT, ELLIS & ASSOCIATES, INC.

1. EVIDENCE—PAROL EVIDENCE—ADMISSIBILITY.

Parol evidence is inadmissible to add to, vary, or contradict the
language of a complete written instrument; however, parol
evidence is admissible to show the entire agreement where the
written instrument is only part of the agreement, to show a
condition precedent to the effectiveness of a written agreement,
or to show that a written contract is void.

2. EVIDENCE—PAROL EVIDENCE—CONTRACTS—ESCROW AGREEMENT.

Parol evidence that assignments of subscription rights to pur-
chase stock and agreements to purchase stock were conditioned
on a successful public offering and that until the successful
offering had occurred a deposit for the stock was to be held
in escrow was admissible even though there were written as-
signments of stock and subscription rights between the parties,
because the parol evidence showed that the agreements were
conditioned upon a successful public offering of the stock, the
escrow agreement constituted the fundamental agreement be-
tween the parties, and the executed assignments were to have
effect only at some time in the future.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 October 7, 1970, at Detroit.
(Docket No. 7,348.) Decided November 30. 1970.
Leave to appeal denied March 24, 1971. 384 Mich
822.

Complaint by James B. Orr and Edward M. Orr
against Schmidt, Ellis & Associates, Harold W.
Schmidt, and Sterling S. Bartlowe for damages for

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence §§ 1016, 1023, 1029, 1032.
Parol evidence rule as applied to escrow agreement.    49 ALR
1529.

breach of an oral contract.   Judgment for plaintiffs.
Defendants appeal.   Affirmed.

*Charest & Clancy,* for plaintiffs.

*Beras, Welton, Gorcyca & Olzark,* for defendants.

Before:   LESINSKI,   C.   J.,   and   BRONSON   and
ENGEL,* JJ.

LESINSKI, C. J.   Plaintiffs James Orr and Edward
Orr brought this action to recover damages for
breach of an alleged oral contract.   Defendants ap-
peal as of right from a denial of a motion for new
trial.

After a trial on the merits, the court, sitting with-
out a jury, made specific findings of fact and entered
judgment against defendants Harold Schmidt and
Schmidt, Ellis & Associates.

The plaintiffs are building contractors.   Defend-
ant Harold Schmidt is an officer of the defendant un-
derwriting firm of Schmidt, Ellis & Associates, a
Michigan corporation that acted for the Great Lakes
Copper Corporation.

Early in 1965, the Great Lakes Copper Corpora-
tion entered into an agreement with the underwrit-
ing firm, the terms of which contemplated a public
offering of 322,000 shares of stock.   The under-
writers were to use their best efforts to sell all the
stock; however, pursuant to an order from the Mich-
igan Corporation and Securities Commission, the
proceeds of the first 200,000 shares sold were to be
held in escrow until that part of the offering was
completed.

Plaintiffs heard of the expansion of Great Lakes
Copper Corporation and sought to obtain a building

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contract for the construction of its new plant in Bay City, Michigan. The arrangement that was made formed the substance of the oral contract upon which plaintiffs based their claim.

In order to show "good faith", plaintiffs were required to deposit $50,000 with the underwriters. The funds were to be held in escrow until the sale of 200,000 shares to the public was completed and were then to be applied to the purchase of 5,000 shares of existing stock held by the original incorporators and 5,000 shares of newly-offered common stock through an assignment of these incorporators' subscription rights. It was understood that if the minimum public offering was not taken up, plaintiffs' escrow deposit would be returned. Upon completion of a successful public offering of the first 200,000 shares, the corporation would proceed with the contract for a new plant, which would result in a $40,000 profit to plaintiffs.

Despite the representations of the underwriters to the contrary, stock sales went badly. The 200,000 minimum sale requirement was never reached. When plaintiffs asked that their escrow deposit be returned they were informed for the first time that the money had already been used to purchase the stock.

Defendants argue that evidence of the alleged oral escrow agreement or any representations made surrounding such transaction should not have been admitted. They claim that such evidence violates the parol evidence rule because it varies the terms of the three written assignments of stock and subscription rights signed by the incorporators and plaintiffs. We do not accept this contention.

Each of the written assignments read, in substance, as follows:

"I [assignor], do hereby assign to Edward M. Orr, my subscription to purchase 3,250 shares of the Common Stock of Great Lakes Copper Corporation, a Michigan corporation.

"I hereby further agree to sell to Edward M. Orr 3,250 shares of the Common Stock of Great Lakes Copper Corporation at a price of $5 per share which are all of the shares of said Corporation's Common Stock owned by me.

*(Signed by Assignor)*

"The undersigned hereby accepts assignment of [the subscription] and agrees to purchase [3,250 shares of stock].

*(Signed by Assignee)*".

These assignments are undated and plaintiffs' testimony made reference to defendant Schmidt's representations that the actual transfer of securities would not take place until the public offering was successfully completed. Moreover, testimony showed that defendant Schmidt also stated that the execution of the assignments was only a convenience and that plaintiffs could cancel the transaction later on.

It is true that parol evidence is inadmissible to add to, vary, or contradict the language of a complete written instrument. *Hanson* v. *Fletcher Auto Sales Co.* (1927), 239 Mich 118. As such, the parol evidence rule is a rule of substantive law as well as a rule of evidence. *Salzman* v. *Maldaver* (1946), 315 Mich 403, 168 ALR 381. However, the written instruments here in question do not represent the contract between plaintiffs and defendants, but represent assignments between plaintiffs and the assignors of stock and subscription rights. The execution of the assignments was only a part of the whole transaction between plaintiffs and defendants. Parol evidence is admissible to show the entire agreement between the parties. *Labadie* v. *Boehle*

(1939), 288 Mich 223; *Mason* v. *Lee-Bert, Inc.* (1949), 326 Mich 32. Parol evidence is also admissible to show a condition precedent to the effectiveness of a written agreement, *Hagan* v. *Moch* (1930), 249 Mich 511; *Sharrar* v. *Wayne Savings Ass'n* (1929), 246 Mich 225, or that the written contract is void. *Mardon* v. *Ferris* (1950), 328 Mich 398. In *Ada Dairy Association* v. *Mears* (1900), 123 Mich 470, it was held that parol evidence that a subscriber to corporate stock was told he could withdraw his subscription *after* signing a subscription agreement was admissible to show that no completed contract existed.

In the instant case, the parol evidence showed that plaintiffs' agreement to purchase shares was conditioned upon a successful public offering, that the escrow agreement constituted the fundamental agreement between plaintiffs and defendants, and that the executed assignments were to have effect only at some time in the future. This evidence did not violate the parol evidence rule. The evidence further showed that the escrow agreement was breached and that plaintiffs were harmed by the breach. The decision of the trial court was not against the weight of the evidence.

Other assignments of error do not merit consideration.

Affirmed. Costs to plaintiffs.