PEOPLE v. HOOD

CRIMINAL LAW—TRIAL BY JURY—WAIVER.
Contention that defendant did not knowingly and freely waive his right to a trial by jury is not borne out by the record where the transcript reveals that the court fully informed the defendant of his right to trial by jury and of the consequences in waiving that right, and defendant was represented by counsel at the time of the waiver (MCLA § 763.3).

Appeal from the Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 November 4, 1970, at Lansing. (Docket No. 8873.) Decided December 7, 1970.

James Hood was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*James T. Lafferty,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 219.

PER CURIAM. Defendant was convicted in a nonjury trial of murder in the second degree. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). He appeals as of right from this conviction.

Upon an examination of the record before us, and applying the standard adopted by this Court in *People* v. *Degraffenreid* (1969), 19 Mich App 702, we find defendant's contention that he was denied effective counsel to be without merit. See also: *People* v. *Kaczynski* (1970), 24 Mich App 273; *People* v. *Higginbotham* (1970), 21 Mich App 489; *People* v. *Turner* (1970), 26 Mich App 211.

Defendant also contends that he did not knowingly and freely waive his right to trial by jury. However, our examination of the record discloses that the trial court fully informed defendant of his right to trial by jury and of the consequences in waiving that right. Defendant was represented by legal counsel at the time of waiver. The waiver fully complied with the statutory requirements, MCLA § 763.3 (Stat Ann 1954 Rev § 28.856). We find no merit to this contention. *People* v. *Henderson* (1929), 246 Mich 481; *Attorney General* v. *Montgomery* (1936), 275 Mich 504; *People* v. *Rawls* (1967), 6 Mich App 586.

Finally, defendant argues that the trial court erred in finding the requisite malice and in rejecting defendant's claim of self-defense. We disagree. There is ample evidence in the record to support the trial court's findings that the defendant did not act in self-defense and that he was guilty of murder in the second degree beyond a reasonable doubt. *People* v. *Hepner* (1938), 285 Mich 631; *People* v. *Clark* (1967), 5 Mich App 672; *People* v. *Case* (1967), 7 Mich App 217; *People* v. *Bell* (1969), 20 Mich App 299.

Affirmed.