PEOPLE *v.* JONES

CRIMINAL LAW—JURY TRIAL—WAIVER.

> Defendant's waiver of his right to trial by jury was valid where the waiver was regular on its face and the defendant did not contend that the waiver was not made in open court, that he did not first consult with counsel, or that he was in any way coerced.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 September 7, 1971, at Detroit. (Docket No. 10566.) Decided September 28, 1971.

Sim Jones, Jr., was convicted of breaking and entering an unoccupied dwelling house with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Frederick R. Doetsch, Jr.,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

---

REFERENCES FOR POINTS IN HEADNOTE

47 Am Jur 2d, Jury § 72 *et seq.*
Withdrawal of waiver of right to jury trial in criminal case. 46 ALR2d 919.

PER CURIAM. After a nonjury trial the defendant was convicted of breaking and entering an unoccupied dwelling house with intent to commit larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305). He now appeals.

The record contains a written waiver of trial by jury signed by the defendant and his trial counsel. Immediately before the trial began the defendant offered to plead guilty to the offense of larceny in a building.[1] The prosecutor objected and the trial court refused to accept the plea.

The defendant's first contention is that he did not effectively waive his right to trial by jury. He contends that he waived jury trial only for the purpose of offering a plea to the offense of larceny in a building. This contention finds no support in the record. The waiver of jury trial is regular on its face and the defendant does not contend that it was not made in open court, that he did not first consult with counsel, or that he was in any way coerced. In the absence of such a contention the waiver must be considered valid and effective. *People* v. *Woody* (1970), 25 Mich App 627.

The defendant's next contention is that the trial judge erred when he did not disqualify himself after he had refused to accept the guilty plea. The defendant raised no objection to the trial judge hearing the case and he cannot do so for the first time on appeal. *People* v. *Piotrowski* (1966), 4 Mich App 510.

The defendant's final contention is that he was denied effective assistance of counsel. The record does not support this contention.

Affirmed.

---

[1] MCLA § 750.360 (Stat Ann 1954 Rev § 28.592).