PEOPLE v McKAIG

PEOPLE v LOEWE

Docket Nos. 77-4678, 78-303. Submitted January 4, 1979, at Detroit.—
    Decided May 1, 1979.

Michael K. McKaig and William Loewe were convicted of un-
    armed robbery in a bench trial, Wayne Circuit Court, Peter B.
    Spivak, J. Defendants appeal. The only meritorious question on
    appeal concerns defendants' waiver of the right to a trial by
    jury. Defendants signed waiver of jury forms which were ac-
    knowledged by the court clerk. Defendant McKaig alleges
    correctly that the transcript of the hearing does not reveal that
    he orally acknowledged the waiver. Defendant Loewe does not
    allege this to be a ground for reversal but in the interests of
    justice the Court of Appeals considers the legal question as to
    both defendants. *Held:*

The statute covering a waiver of a jury requires that a
    written waiver must be made in open court. It would be better
    procedure to supplement the written waiver with an oral
    acknowledgment but this is not required by the statute. There-
    fore, there should be no hard and fast rule against waiver
    where a hearing transcript does not reveal defendant's oral
    acknowledgment of a written waiver. Defendant's waiver was
    valid and there was strict compliance with the statute where it
    is apparent that the waiver was made in open court, the waiver
    was signed and filed the same day as the commencement of
    trial, the defendant was represented by an attorney and the
    defendant does not claim he did not sign the waiver in open
    court after having an opportunity to consult with his attorney.

Affirmed.

T. M. BURNS, J., dissented. He would hold that oral acknowl-
    edgment of a defendant's waiver of his right to a jury trial
    should be mandatory. Rejection of this hard and fast rule sets a
    dangerous precedent involving an important right. The waiver
    should be an informed waiver and although the statute does

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 219, 312.
    47 Am Jur 2d, Jury §§ 81-83.

not require an oral waiver per se, that is the best method of proving the waiver was made in open court as required by statute. The mere fact that a written waiver is dated the same date as the first day of trial does little to insure that it was acknowledged in open court.

OPINION OF THE COURT

1. CRIMINAL LAW — RIGHT TO JURY TRIAL — WAIVER — WRITTEN WAIVERS — OPEN COURT — ARRAIGNMENT — CONSULTATION WITH COUNSEL — STATUTES.

A criminal defendant has the right to waive a determination of facts by a jury and be tried before the court without a jury, and such waiver and election by a defendant shall be in writing, signed by the defendant and filed in such cause and made a part of the record thereof; such waiver of trial by jury must be made in open court after defendant has been arraigned and has had an opportunity to consult with counsel (MCL 763.3; MSA 28.856).

2. CRIMINAL LAW — RIGHT TO JURY TRIAL — WAIVER — WRITTEN WAIVER — ORAL WAIVER — CONSULTATION WITH COUNSEL — STATUTES.

The statute covering waiver of trial by jury requires that in order for a defendant to effectively waive his right to a jury trial he must make a written waiver in open court, and while it is better to supplement a written waiver with an oral acknowledgment, it is not required by statute; therefore, there should be no hard and fast rule against waiver where a hearing transcript does not reveal that a defendant orally acknowledged the waiver of a jury trial because there can be a valid waiver and strict compliance with the statute where it is apparent that the waiver was made in open court, the waiver was signed and filed the same day as the commencement of trial, the defendant was represented by an attorney and the defendant does not claim he did not sign the waiver in open court after having an opportunity to consult with his attorney (MCL 763.3; MSA 28.856).

DISSENT BY T. M. BURNS, J.

3. CRIMINAL LAW — RIGHT TO JURY TRIAL — WAIVER — WRITTEN WAIVER — ORAL WAIVER — SILENT RECORD.

*The right to a trial by a jury is a personal and constitutionally guaranteed right which cannot be waived by defense counsel and cannot be presumed to have been waived where the record*

*is silent; therefore, the best method of proving a defendant's waiver of his right to a jury trial is by oral acknowledgment in open court even though the statute does not per se require the oral waiver, because the right to a jury trial is too important in our system and the possibilities for abuse too great, compared with the ease of insuring that a waiver is an informed waiver, to apply anything other than a broad prophylactic rule which requires that even though a defendant has signed a written waiver, if the record does not disclose an oral waiver in open court, then there is no effective waiver.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Rita Chastang* and *Anne B. Wetherholt,* Assistant Prosecuting Attorneys, for the people.

*Riley & Roumell* (by *Robert J. Colombo, Jr.),* for defendant McKaig.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and BASHARA, JJ.

N. J. KAUFMAN, P.J. On July 26, 1977, defendants Michael McKaig and William Loewe were found guilty in a bench trial of unarmed robbery, MCL 750.530; MSA 28.798. They were sentenced on August 9, 1977, and appeal as of right.

Michigan law requires that in order for a defendant to effectively waive his right to a jury trial, he must make a written waiver in open court. MCL 763.3; MSA 28.856:

"In all criminal cases arising in the courts of this state whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver

and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. It shall be entitled in such cause and made a part of the record thereof. It shall be entitled in the court and cause and in substance as follows: 'I,_____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which said cause may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.'

_____

Signature of defendant.

"Such waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel."

The file shows defendants signed the "Waiver of Jury Trial Circuit Court" form on July 26, 1977. The waiver was acknowledged by Judge Spivak's court clerk the same date.

Defendant McKaig alleges correctly that the transcript of the hearing does not reveal that he orally acknowledged the waiver of jury trial. Defendant Loewe does not allege this to be a ground for reversal. However, in the interest of justice we will consider the legal question as to both appellants.

In *People v Rimmer,* 59 Mich App 645, 647; 230 NW2d 170 (1975), a panel of this Court reversed the defendant's conviction and stated:

"While the record does contain a written waiver executed by defendant on November 9, 1973,[2] nowhere in the record does any transcript of an oral waiver before or at trial appear."

_____

" [2] This waiver was executed more than three months prior to defendant's trial."

I agree with the *Rimmer* result because footnote 2 reveals that the written waiver was executed more than three months prior to defendant's trial and there is no indication that the waiver was made in open court. In our case, however, the waiver was stamped filed on the same date as the commencement of trial and defendant McKaig makes no claim that the waiver was not made in open court.

In *People v Word,* 67 Mich App 663, 665-666; 242 NW2d 471 (1976), a panel of this Court, in which I was one of the panelists, stated:

"'* * * Thus strict compliance with the statute is necessary and requires both a written waiver and an acknowledgment in open court of the waiver of a jury. There being no open court acknowledgment of the waiver of jury trial, this Court's prior ruling in *Rimmer, supra,* requires a retrial."

Since concurring in the *Word* opinion, *supra,* I have come to the conclusion that there cannot be a hard and fast rule for every case. A valid waiver does not require an oral acknowledgment where it is apparent that the waiver was made in open court. In cases such as the present, where the waiver is signed and filed the same day as the commencement of trial, the defendant is represented by an attorney, and the defendant does not claim that he did not sign the waiver in open court after having the opportunity to consult with his attorney, the statute is strictly complied with. See *People v Woody,* 25 Mich App 627, 629; 181 NW2d 621 (1970), *lv den* 384 Mich 822 (1971).

We encourage trial judges to supplement the written waiver with an oral acknowledgment by the defendant. This practice eliminates any doubt as to whether or not the waiver was made in open

court. However, the statute does not require an oral waiver and we decline to impose that requirement on trial judges.

We have carefully reviewed the records and briefs and find the remaining allegations of error to be without merit.

Affirmed.

BASHARA, J., concurred.

T. M. BURNS, J. *(dissenting).* The rules which should have governed this case are well stated in 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 558, pp 53-54:

"The statute is in derogation of the common law and therefore must be strictly construed. Since the right to waive trial by jury arises only by statute, it follows that no effective waiver may result except through strict compliance with the mandates contained therein. The right to a trial by a jury is a personal and constitutionally guaranteed right which cannot be waived by defense counsel and cannot be presumed to have been waived where the record is silent. Therefore, even though the defendant, in open court, orally waives his right to a jury trial, if he refuses or fails to sign a written waiver, there is no effective waiver. Likewise, even though the defendant has signed a written waiver, if the record does not disclose an oral waiver in open court, then there is no effective waiver." (Footnotes omitted.)

The majority rejects any "hard and fast rule for every case". In doing so, I believe they are setting a dangerous precedent. The right to a jury trial is too important in our system and the possibilities for abuse too great, compared with the ease of insuring that a waiver is an informed waiver, to apply anything other than a broad prophylactic

rule.[1] *People v Polhamus,* 59 Mich App 609; 230 NW2d 171 (1975), *lv den* 394 Mich 819 (1975).

Although the statute does not per se require an oral waiver, that is the best method of proving the waiver was made in open court as required by the statute. The mere fact that the written waiver is dated the same as the first day of trial does little to insure that it was acknowledged in open court.

I would reverse these convictions because of the trial court's failure to elicit an acknowledgment of the waiver in open court. *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976), *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975).

---

[1] To the extent that *People v Woody,* 25 Mich App 627; 181 NW2d 621 (1970), *lv den* 384 Mich 822 (1971), is inconsistent with this position, I would no longer follow it.