PEOPLE v BRET QUICK

PEOPLE v BART QUICK

Docket Nos. 46646, 46650. Submitted February 3, 1982, at Detroit.—
Decided April 5, 1982. Leave to appeal applied for.

On the day of their trial in Wayne Circuit Court, defendants,
Bret A. Quick and Bart L. Quick, each executed and filed a
written waiver of a jury trial. At the commencement of the
trial, John R. Kirwan, J., indicated that there were waivers of
the right to a jury trial and inquired if that was correct.
Defense counsel indicated that a signed waiver by each of his
clients had been tendered. Thereafter, following a joint nonjury
trial, defendants were found guilty of breaking and entering an
occupied dwelling with intent to commit felonious assault and
of felonious assault. Each defendant appeals, claiming that the
record fails to show that they made a knowing, intelligent
waiver of their right to a jury trial in open court as required by
statute. *Held:*

The execution on the day of trial by the defendants of the
signed written waivers of their right to a jury trial, coupled
with the acknowledgment of those written waivers in open
court by defense counsel in the presence of defendants, was
sufficient to satisfy the statutory requirement that the waiver
of the right to a jury trial be made in open court.

Affirmed.

1. CRIMINAL LAW — JURY TRIAL — WAIVER.

The statute permitting a criminal defendant to waive the right to
a jury trial is in derogation of the common law; accordingly,
the statute must be strictly construed and a waiver of a jury
trial will be effective only when there is strict compliance with
the mandates of the statute (MCL 763.3; MSA 28.856).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 47 Am Jur 2d, Jury §§ 61, 64, 72, 75, 82.
   Waiver, after not quilty plea, of jury trial in felony case. 9 ALR4th
   695.
[2] 47 Am Jur 2d, Jury §§ 63, 78, 83.
[3] 5 Am Jur 2d, Appeal and Error § 617.
   47 Am Jur 2d, Jury § 88.

2. CRIMINAL LAW — JURY TRIAL — WAIVER.

A valid waiver of a jury trial by a criminal defendant requires that there be a written waiver by the defendant in open court, said waiver being made by the defendant after he has had an opportunity to consult with counsel; the right to a jury trial cannot be waived by defense counsel or the court and will not be presumed from a silent record.

3. CRIMINAL LAW — JURY TRIAL — WAIVER — APPEAL.

The failure of a defendant to object to a nonjury trial, while indicating assent to the waiver of a jury trial, does not preclude appellate review of the question of whether there was a valid waiver of the right to a jury trial.

4. CRIMINAL LAW — JURY TRIAL — WAIVER.

The execution by a criminal defendant of a signed waiver of the right to a jury trial on the day of trial, coupled with the acknowledgment of that waiver in open court by defense counsel in the presence of defendant, satisfied the statutory requirement that such a waiver be made in open court and constitutes a valid waiver of the right to a jury trial (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendants on appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and CYNAR, JJ.

CYNAR, J. Defendants were tried jointly, without a jury, on February 21 and 22, 1979, and were convicted of breaking and entering an occupied dwelling with intent to commit felonious assault, MCL 750.110; MSA 28.305, and felonious assault, MCL 750.82; MSA 28.277. On April 5, 1979, both defendants were sentenced to five years probation with the last six months to be served in the

Detroit House of Correction. The terms of probation included a requirement that the defendants finish high school or obtain GED certificates. Their jail terms will likely be suspended if the defendants comply with the terms of probation and stay out of trouble. Defendants appealed as of right and filed motions for peremptory reversal, which were denied.

Defendants contend that their convictions must be reversed, since the record does not show that the defendants made a knowing, intelligent waiver of their right to trial by jury in open court as required by statute. We disagree.

Both defendants executed written waivers of a jury trial, dated February 21, 1979, which was the day trial began. Additionally, each written waiver of a jury trial has a clerk's stamp indicating it was filed on February 21, 1979.

On the record, the only exchange before trial on February 21, 1979, in reference to the waiver of a jury is as follows:

"*[Assistant Prosecutor]:* People are ready to proceed at this time.

"*[Defense Counsel]:* We're ready, your Honor.

"*The Court:*" All right.

"I see this is a waiver trial by jury, is that correct?

"*[Defense Counsel]:* Yes, sir, it is.

"*The Court:* All right.

"*[Defense Counsel]:* I think we tendered our waiver signed by each of my clients.

"*The Court:* Yes, they are both signed. Would you like to make an opening statement?"

At common law, a criminal defendant could not waive his right to trial by jury. *People v Henderson,* 246 Mich 481; 224 NW 628 (1929). In Michigan, the right to waive a jury trial in a criminal

case is now provided for in MCL 763.3; MSA 28.856, which states:

"Sec. 3. (1) In all criminal cases arising in the courts of this state, the defendant shall have the right to waive a determination of the facts by a jury and may, if he or she elects, be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. The waiver and election shall be entitled in the court and case, and in substance as follows: 'I, _____, defendant in the above case, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which the case may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.'

_____
"Signature of defendant.

"(2) Except in cases of minor offenses, the waiver of trial by jury shall be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel."

The constitutionality of this statute has been upheld. *Henderson, supra.*

However, because this statute is in derogation of the common law, it must be strictly construed. That is, no effective waiver will result except through strict compliance with the mandates contained in the statute. *People v Hamm,* 100 Mich App 429; 298 NW2d 896 (1980), *People v Polhamus,* 59 Mich App 609; 230 NW2d 171 (1975), *People v Henry Brown,* 57 Mich App 568; 226 NW2d 563 (1975). Consequently, Michigan courts have held that, to be valid, a waiver of jury trial must be made after the defendant's having had the opportunity to consult with counsel, must be

in writing, and be made in open court. *People v Woody,,* 25 Mich App 627; 181 NW2d 621 (1970), *People v Hood,* 28 Mich App 553; 184 NW2d 527 (1970), *People v Jones,* 36 Mich App 150; 193 NW2d 197 (1971), *People v McKaig,* 89 Mich App 746; 282 NW2d 209 (1979). Likewise, the right to a jury trial cannot be waived by defense counsel, *People v Slappy,* 59 Mich App 525; 230 NW2d 4 (1975), or the court, *Cahill v 15th Dist Judge,* 70 Mich App 1; 245 NW2d 381 (1976), nor will a waiver be presumed from a silent record. *Slappy, supra, People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974). Finally, the defendant's failure to object to a nonjury trial, while indicating assent to the jury waiver, does not preclude appellate review. *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975), *People v Edwards, supra.*

The issue in this case is whether the inquiry by the trial court, coupled with the written pretrial waivers by defendants, satisfy the statutory requirement that the waivers be "made in open court". Michigan law is in conflict on this issue.

In *People v Rimmer, supra,* the Court held that, where the record disclosed a written waiver executed by the defendant more than three months before trial but nowhere disclosed that there was an oral waiver before or at trial, the defendant had not waived his right to a jury trial in open court. Similarly, in *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976), the Court found the defendant's waiver of a trial by jury to be ineffective where the defendant had executed a written waiver but nowhere in the transcript was there an oral acknowledgment of the waiver of a jury. In neither case did the Court discuss the issue of whether the oral acknowledgment must be made by the defendant or whether it may be made by defense counsel.

In *People v Blackmon*, 95 Mich App 462, 464; 291 NW2d 82 (1980), the defendant executed a written waiver of jury trial before a court clerk on the day of trial. At trial, the following response was made to the court's questioning:

" *'The Court:* Have you filed a written waiver?
" *'Mr. Harris:* Yes, your Honor.' "

The *Blackmon* Court held as follows:

"The question before this Court is whether the statutory requirement of a waiver 'made in open court' is met by evidence on the record that a written waiver was executed by the defendant on the date of trial and was referred to by defense counsel as filed in response to the court's inquiry in that regard. We hold that the above facts do not constitute sufficient compliance with the statutory direction." *Id.*

In the recent case of *People v Corbin,* 109 Mich App 120, 122; 310 NW2d 917 (1981), the Court also held that the defendant's waiver of a jury trial was ineffective. There, the defendant signed a written waiver form on the day of trial which stated in part:

" 'I, having had opportunity to consult with counsel, do hereby in open court voluntarily waive and relinquish my right to a trial by jury * * *'."

The form was signed by the deputy clerk but not by the judge. Except for the clerk's statement "this is a waiver", the transcript made no reference whatsoever to the defendant's waiver of jury trial. The *Corbin* Court acknowledged that oral acknowledgment is not necessary where it is otherwise apparent that the waiver took place in open court

but found that, as in *Blackmon,* the record failed to establish sufficiently that the waiver was made in open court. The Court reasoned as follows:

"[W]e find it difficult to conclude that the waiver was made 'in open court' when the transcript of the proceedings taking place 'in open court' contains no discussion of the matter." *Id.,* 123.

Several cases decided by panels of the Court of Appeals have used the reasoning that oral acknowledgment by the defendant is not required to uphold waivers of jury trials. The leading case is *McKaig, supra.* There, the defendant alleged that reversible error occurred because he was denied an opportunity to acknowledge orally the waiver of jury trial in open court before the trial judge. The defendant had signed the waiver form on the day of trial, and it was acknowledged as filed by the court clerk on the same date. The majority of the Court, with Judge T. M. BURNS dissenting, rejected the defendant's argument and stated:

"[T]here cannot be a hard and fast rule for every case. A valid waiver does not require an oral acknowledgement where it is apparent that the waiver was made in open court. In cases such as the present, where the waiver is signed and filed the same day as the commencement of trial, the defendant is represented by an attorney, and the defendant does not claim that he did not sign the waiver in open court after having the opportunity to consult with his attorney, the statute is strictly complied with. See *People v Woody,* 25 Mich App 627, 629; 181 NW2d 621 (1970), *lv den* 384 Mich 822 (1971).

"We encourage trial judges to supplement the written waiver with an oral acknowledgement by the defendant. This practice eliminates any doubt as to whether or not the waiver was made in open court. However, the

statute does not require an oral waiver and we decline to impose that requirement on trial judges." *People v McKaig, supra,* 750-751.

*People v Braxton,* 91 Mich App 689; 283 NW2d 829 (1979), provides further support for the prosecutor's position. In *Braxton,* the defendant was accompanied by counsel when he executed a waiver of jury trial over a month before the commencement of trial. At the time of trial, the trial court stated: "Let the record show that the defendant has executed a written waiver of trial by jury." There was no questioning of the defendant by the court and defendant said nothing. The *Braxton* Court, with Judge T. M. BURNS dissenting, held that a written waiver of jury trial executed by defendant before a court clerk with his attorney present, when coupled with the reference to the waiver form made by the trial judge in the presence of defendant and his counsel immediately prior to trial, was sufficient to satisfy the statutory requirement that the waiver of the right to a jury trial shall be in open court.

In *People v Carl Johnson,* 99 Mich App 547, 551-552; 297 NW2d 713 (1980), the following colloquy occurred between the trial judge, defense counsel, and the prosecutor in open court on the first day of trial:

" *'The Court:* Very well. Now, at this time I want to check—and do I understand that there is no question but what the defendant has signed a written waiver of jury trial and filed it?

" *'Mr. Seaman:* That's correct, your Honor.

" *'The Court:* You agree on that?

" *'Mr. Hamlin:* Yes, your Honor.

" *'The Court:* Very well. Thank you. You may now proceed with your opening statement, Mr. Hamlin.' "

The Court, citing *McKaig, supra,* stated that a valid waiver does not require an oral acknowledgment where it is apparent that the waiver was made in open court. The Court concluded that the defendant's rights were adequately protected.

We conclude that the facts in the instant case do establish that valid waivers were made by defendants of their right to jury trial. The defendants signed written waivers of their right to a jury on the date of trial. These waivers were then acknowledged in open court by defense counsel in the presence of both defendants.

Affirmed.