PEOPLE v JAMES SMITH

Docket No. 59441. Submitted May 19, 1982, at Detroit.—Decided September 9, 1982.

James E. Smith was convicted, in two cases which involved different complainants and which were consolidated for trial in Detroit Recorder's Court, of assault with intent to commit murder, assault with intent to commit criminal sexual conduct, and third-degree criminal sexual conduct and was sentenced, Michael J. Talbot, J. Defendant appeals. *Held:*

1. Defendant was not unduly prejudiced by the admission of similar acts evidence. The evidence was admissible under the res gestae exception to the rule which excludes evidence of other bad acts done by the defendant.

2. Defendant's waiver of his right to a jury trial was valid.

3. Defendant's contention that the trial court impermissibly examined the preliminary examination transcript is without merit.

Affirmed.

1. CRIMINAL LAW — TRIAL — JOINDER OF OFFENSES — SEVERANCE.

A defendant has a right to severance of a trial on two or more offenses where the offenses have been joined for trial solely on the ground that they are of the same or similar character and the defendant files a timely motion for severance objecting to the joinder.

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — RULES OF EVIDENCE.

The legitimacy of similar acts evidence is its tendency either to identify the defendant as the unknown actor in an alleged criminal act or to negate the suggestion that the act in ques-

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Information §§ 221, 223, 292.
[2] 29 Am Jur 2d, Evidence §§ 322, 324.
[3] 30 Am Jur 2d, Evidence § 1092.
[4] 29 Am Jur 2d, Evidence § 321.
[5] 47 Am Jur 2d, Jury §§ 81-83.
   76 Am Jur 2d, Trial § 1238.

tion, although performed by the defendant, was not criminal because it was unintended, accidental, a mistake, or otherwise innocent; thus, similar acts evidence must qualify for admissibility on two levels: (1) it must be probative of one or more of the specified purposes, and (2) one or more of the purposes must be material, that is, a proposition in issue in the case (MRE 404[b]).

3. CRIMINAL LAW — EVIDENCE.
  A mere general denial by a defendant that an alleged act took place is insufficient to place matters such as motive, intent, identity, scheme, plan, preparation, or absence of mistake in issue.

4. CRIMINAL LAW — EVIDENCE — PRIOR ACTS — RES GESTAE EVIDENCE.
  Generally, evidence tending to show that a criminal defendant has committed offenses other than those for which he is on trial is inadmissible; an exception to the general rule is that evidence of the acts, conduct, and demeanor of the defendant at the time of or shortly before or after the commission of the charged offense may be admitted as part of the res gestae, notwithstanding the fact that such evidence may tend to show the commission of other crimes.

5. CRIMINAL LAW — JURY TRIAL — WAIVER.
  A waiver of the right to a jury trial must be made in writing, signed by the defendant, filed in the case, and made part of the record, and made in open court in order to be valid (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

PER CURIAM. After a bench trial, defendant was

* Circuit judge, sitting on the Court of Appeals by assignment.

convicted of assault with intent to commit murder, MCL 750.83; MSA 28.278, assault with intent to commit criminal sexual conduct, MCL 750.520g(1); MSA 28.788(7)(1), and third-degree criminal sexual conduct, MCL 750.520d(1); MSA 28.788(4)(1). Concurrent sentences were imposed, and defendant appeals by right.

Defendant's convictions were the result of two lower court cases, involving two different complainants, which were consolidated for trial. Prior to trial, the prosecutor indicated that he intended to use each complainant as a similar acts witness in the trial of the other. Despite defendant's objection that there were a number of dissimilarities and that the prejudice of such evidence would outweigh its probative value, the trial court ruled that the similar acts evidence was admissible and the cases were then joined for trial. Two intertwined issues which emerge from this decision concern: whether the joinder of the two cases into one trial was improper and whether the trial court erred in ruling the similar acts evidence admissible.

In general, offenses may be joined when they are "of the same or similar character" or "based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan". *People v Tobey,* 401 Mich 141, 150-151; 257 NW2d 537 (1977). In *Tobey,* pp 151-152, the Michigan Supreme Court noted that:

"* * * 'same conduct' refers to multiple offenses 'as where a defendant causes more than one death by reckless operation of a vehicle'. 'A series of acts connected together' refers to multiple offenses committed 'to aid in accomplishing another, as with burglary and larceny or kidnapping and robbery'. 'A series of acts * * * constituting parts of a single scheme or plan'

refers to a situation 'where a cashier made a series of false entries and reports to the commissioner of banking, all of which were designed to conceal his thefts of money from the bank' * * *".

When the offenses in question do not meet the above standards and the only basis for joining them is that they "are of the same or similar character", a defendant has a right to severance if he or she makes a timely motion for severance objecting to the joinder. *Tobey,* pp 151, 153.

We first note that the defendant did not object to the joinder in itself but rather objected only to the premise for the joinder, *i.e.,* that the similar acts evidence was admissible. Although the joinder may have been improper under the *Tobey* criteria set forth above, no prejudicial error resulted if the other bad acts evidence was properly admissible because identical testimony would have been presented in both cases had they been separately tried. See *People v Krist,* 93 Mich App 425, 437; 287 NW2d 251 (1979). Therefore, the key question really is whether the trial court erred in its ruling on the similar acts evidence.

"Similar acts" evidence may be admitted under MRE 404(b), which allows evidence of other crimes, wrongs, or acts committed by the defendant to be admitted for limited, specified purposes. The Michigan Supreme Court, in *People v Major,* 407 Mich 394; 285 NW2d 660 (1979), stated the rationale and rule for the admissibility of evidence under MRE 404(b):

"The legitimacy of similar acts evidence generally is its tendency either to identify the defendant as the unknown actor in an alleged criminal act or to negate the suggestion, normally advanced by the defendant, that the act in question, although performed by him,

was not criminal because it was unintended, accidental, a mistake or otherwise innocent.

\* \* \*

"Similar acts evidence then, must qualify for admissibility on two levels: 1) It must be probative of one or more of the statutorily specified purposes, and 2) one or more of those purposes must be material, that is, a proposition 'in issue' in the case." *Major,* pp 398, 400.

In *Major,* the defendant appealed a conviction of criminal sexual conduct in the second degree. At trial, similar acts evidence concerning the defendant's involvement in alleged sexual improprieties with young girls was admitted to show the defendant's "motive" or "intent", despite the fact that the defendant denied that the alleged act ever took place. Although acknowledging that the prior acts were similar to the act for which the defendant was on trial, the Michigan Supreme Court held that none of the purposes justifying admission of the similar acts evidence was at issue and thus the evidence was erroneously admitted. The Court reasoned that, in denying that the act ever occurred, the defendant was not trying to defend or explain behavior attributed to him, which would have placed his intent or motive in issue.

In the instant case, the defendant denied that either of the alleged acts took place, although he admitted being in the apartment of one of the complainants. A mere general denial by the defendant is insufficient to place matters such as motive, intent, identity, scheme, plan, preparation, or absence of mistake in issue. *People v Arenda,* 97 Mich App 678, 682; 296 NW2d 143 (1980), *lv gtd* 410 Mich 869 (1980); *People v Bost,* 107 Mich App 408, 410; 309 NW2d 620 (1981). As we stated in *Bost, supra,* when the defendant simply claims that the alleged act did not occur, we fail to see

how evidence of other sexual misbehavior is material to a determination of whether the alleged act actually took place.

Although we conclude that the similar acts evidence was not admissible under MRE 404(b) due to its failure to meet the threshold requirement of materiality, our inquiry does not end here. There is a second possibility for admitting evidence of other bad acts. As this Court stated in *People v Stoker,* 103 Mich App 800, 807; 303 NW2d 900 (1981):

"An exception to this rule [excluding evidence of other bad acts done by the defendant], the res gestae exception, is set forth in *People v Scott,* 61 Mich App 91, 95; 232 NW2d 315 (1975):

" 'It is elementary that the acts, conduct and demeanor of a person charged with a crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the res gestae. Proof of such acts is not rendered inadmissible by the fact that they may tend to show the commission of another crime.' *People v Savage,* 225 Mich 84, 86; 195 NW 669 (1923)."

In the present case, each offense constitutes an "other bad act" under the res gestae exception. The offenses were interrelated, occurring within a short time span, and the evidence is relevant to show where the defendant was during the time involved, how his jacket was left in the first complainant's apartment, how he returned to her apartment, and the circumstances of his arrest. We find no reversible error in admitting the similar acts evidence as part of the res gestae exception. We also note that the present case was a bench trial and that the court rendered extensive separate findings of fact in each case. The court specifically noted that the credibility of the wit-

nesses was the key factor and that, although there was corroborative similar acts testimony, it was not necessary. Therefore, we find that the defendant was not unduly prejudiced by the admittance of this evidence. See *People v Michael Turner,* 112 Mich App 381, 385-386; 316 NW2d 426 (1982).

Defendant also contends on appeal that his waiver of his right to a jury trial was invalid. On the day of trial, the court stated:

"The first item that I want to deal with this morning, Mr. Smith executed the last time he was *before this court* waivers of trial by jury." (Emphasis added.)

The court then discussed a letter it had received from the defendant after the execution of those waivers contained in the court files. There is no entry in the file that these executed forms were actually filed by the clerk, but they were signed by the clerk.

This Court has reached different results when considering the issue of a defendant's waiver of the right to a jury trial. Recent cases were summarized in *People v Quick,* 114 Mich App 532; 319 NW2d 362 (1982). The statute involved is MCL 763.3; MSA 28.856, which provides that, to be valid, the waiver must "be in writing signed by the defendant and filed in the case and made a part of the record" and "be made in open court".

We first conclude that the jury waivers were made a part of the record since the executed waivers were signed by the clerk and were in fact in the lower court files. We also find that under the facts of this case, the "open court" requirement was met. This case is distinguishable from those wherein no in-court reference was made to the signed waiver. See, *e.g., People v Corbin,* 109 Mich App 120; 310 NW2d 917 (1981). The present

case is more similar to *Quick, supra,* and *People v Braxton,* 91 Mich App 689; 283 NW2d 829 (1979). In those cases, it was indicated on the record that a waiver had been executed and it was held that the waivers were valid. Similarly, we find the court's on-the-record statement sufficient to satisfy the "open court" requirement.

Finally, the defendant's contention that the trial court impermissibly examined the preliminary examination transcript is without merit.

Affirmed.